## PARSONS, UNITED STATES DISTRICT JUDGE, *v.* CHESAPEAKE & OHIO RAILWAY CO.

No. 32. Argued October 23, 1963.—Decided November 12, 1963.

*John J. Naughton* argued the cause and filed briefs for petitioner.

*Charles J. O'Laughlin* argued the cause for respondent. With him on the brief was *Philip W. Tone.*

PER CURIAM.

The question presented by this case is whether a federal district judge in an action brought under the Federal Employers' Liability Act is divested of all discretion to deny a § 1404 (a) transfer motion,[1] when a suit upon the same cause of action, earlier brought in a state court in the same city, was dismissed by the state court on the ground of *forum non conveniens.*

Jack Filbrun commenced a Federal Employers' Liability Act suit for personal injuries against the respondent railroad in the Circuit Court of Cook County, Illinois. On the respondent's motion the state court dismissed the

---

[1] 28 U. S. C. § 1404 (a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

action on the ground of *forum non conveniens.* Filbrun did not appeal. Instead, he filed a complaint grounded on the same cause of action in the United States District Court for the Northern District of Illinois, sitting in Chicago. The respondent filed a motion pursuant to 28 U. S. C. § 1404 (a), requesting that the case be transferred to the United States District Court for the Western District of Michigan, sitting in Grand Rapids. The district judge denied the motion, and the respondent sought mandamus from the Court of Appeals for the Seventh Circuit to compel the judge to order the transfer. On rehearing, the Court of Appeals, one judge dissenting, vacated a previous judgment refusing mandamus, and issued a writ directing the transfer. 307 F. 2d 924. We granted certiorari, 371 U. S. 946, to review the action of the Court of Appeals. We reverse the judgment for the reasons stated below.

Under Illinois law a state court's determination to dismiss a case on the ground of *forum non conveniens* requires consideration of similar factors—convenience of the parties and of witnesses and the interests of justice— to those to be considered by a federal court in applying § 1404 (a).[2] The Court of Appeals accordingly reasoned that every point necessary to be passed upon by the federal district judge on respondent's § 1404 (a) transfer motion had already been adjudicated adversely to the plaintiff in the state court, and concluded that "the district court had no discretion but to recognize the authoritative value of the state court's ruling, made in a case commenced there by plaintiff." 307 F. 2d, at 926.

The discretionary determinations of both the state and federal courts in this case required, to be sure, evaluations

---

[2] In addition, the state court was required to determine whether plaintiff's selection of that court was dictated by a desire to vex and harass the defendant. *Cotton* v. *L. & N. R. Co.,* 14 Ill. 2d 144, 174, 152 N. E. 2d 385, 400.

of similar, but by no means identical, objective criteria. However, since the material facts underlying the application of these criteria in each forum were different in several respects, principles of *res judicata* are not applicable to the situation here presented.

Thus, for example, in determining that Cook County was an inconvenient forum, the state court in this case could appropriately consider the availability of a state forum at Ludington, Michigan, where Filbrun's alleged injury had occurred. But since there is no federal court in Ludington, the federal district judge in making his determination was limited to consideration of the alternative of a trial in the federal court in Grand Rapids, a city some 60 miles from Ludington. Obviously, the question whether the convenience of the parties and of the witnesses would be better served by a trial in a state court in Ludington is not the same question as whether those interests would be better served by a trial in a federal court in Grand Rapids. Similarly, a trial judge weighing the interests of justice could legitimately consider the condition of his court's docket an important factor.[3] While docket congestion is a problem facing all trial courts in large metropolitan areas, there is nothing to show that the problem in the federal court in Chicago is identical in either nature or quantity to the problem in the Cook County court system.

These considerations no more than illustrate the many variables which might affect the exercise of discretion by a state court, as contrasted to a federal court, in any given case. Since different factual considerations may be involved in each court's determination, we hold that a prior state court dismissal on the ground of *forum non con-*

---

[3] The Supreme Court of Illinois has observed that a serious court congestion problem exists in the Cook County courts. 14 Ill. 2d, at 171, 152 N. E. 2d, at 398.

*veniens* can never serve to divest a federal district judge of the discretionary power vested in him by Congress to rule upon a motion to transfer under § 1404 (a).

In its original opinion in this case, the Court of Appeals found that there had been no abuse of discretion by the district judge in denying the motion for transfer. We do not read the opinion on rehearing as having disturbed that finding, but only as having determined that the district judge had been divested of power to exercise his discretion at all—a determination we have now found to be erroneous. Accordingly, the judgment of the Court of Appeals is reversed, and the case is remanded to the District Court for further proceedings.

*It is so ordered.*