**UNITED STATES of America**

v.

**UNITED STATES STEEL CORPORA-TION, Bethlehem Steel Company, Armco Steel Corporation, Edgewater Steel Company, and Baldwin-Lima-Hamilton Corporation, Defendants.**

**UNITED STATES of America**

v.

**TAYLOR FORGE AND PIPE WORKS, Edgewater Steel Company, Alco Products, Inc., and Baldwin-Lima-Hamilton Corporation, Defendants.**

United States District Court
S. D. New York.

Feb. 5, 1964.

Cravath, Swaine & Moore, New York City, for Bethlehem Steel Co.; John W. Barnum, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for Armco Steel Corp.; Robert A. Bicks, New York City, of counsel.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for Edgewater Steel Co.; William C. O'Neil, Charles Weiss, Pittsburgh, Pa., of counsel.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, Morgan, Lewis & Bockius, Philadelphia, Pa., for Baldwin-Lima-Hamilton Corp.; Harold F. McGuire, New York City, Robert H. Young, Philadelphia, Pa., of counsel.

Patterson, Belknap & Webb, New York City, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Taylor Forge and Pipe Works; Richard G. Moser, New York City, Joseph E. Wyse, Chicago, Ill., of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Alco Products, Inc.; Lawrence E. Walsh, Donald T. Fox, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

In each of these two criminal actions all the defendants have joined in a motion to transfer the case to the United States District Court for the Western District of Pennsylvania sitting at Pittsburgh, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. The motions in both cases were brought on and heard together.

Each of the indictments, returned by a grand jury in this district, charge a combination and conspiracy in unreasonable restraint of trade and commerce in violation of § 1 of the Sherman Act, 26 Stat. 209, 15 U.S.C. § 1. Indictment, 63 Cr. 312, (the wheels case) alleges that the defendants, United States Steel Corporation (U. S. Steel), Bethlehem Steel Corporation (Bethlehem), Armco Steel Corporation (Armco), Edgewater Steel Company (Edgewater) and Baldwin-Lima-Hamilton Corporation (Baldwin-

Robert M. Morgenthau, U. S. Atty., for United States; Allen A. Dobey, Louis Perlmutter, Attys., Dept. of Justice, Antitrust Division, of counsel.

White & Case, New York City, for United States Steel Corp.; Haliburton Fales 2d, New York City, of counsel.

Lima) [1], are the only manufacturers of wrought steel wheels in the United States and that they conspired to eliminate price competition among themselves throughout the country. Indictment 63 Cr. 313 (the pipe flanges and rings case) charges the same type of conspiracy by the defendants Taylor Forge and Pipe Works (Taylor Forge), Alco Products, Inc. (Alco), Edgewater and Baldwin-Lima, in the sale of rolled steel pipe flanges and rings, although the defendants are not alleged to be the sole manufacturers of these products. Both conspiracies are alleged to have been carried on at least from 1948 to 1961.

▮ Under the heading "Jurisdiction and Venue" both indictments allege that the conspiracy was carried out in part in the Southern District of New York. Thus venue properly lies in this district.

▮ In the wheels case the Government concedes "that venue would properly lie in Pittsburgh as well as in the Southern District of New York." In the pipe flanges and rings case, the Government originally took the position that the indictment did not allege the commission of the offense in the Western District of Pennsylvania. At my direction the Government submitted a bill of particulars specifying the activities of the defendants in the Western District of Pennsylvania upon which it plans to rely at the trial. The bill indicates that the Government expects to establish an unspecified number of meetings in the Western District of Pennsylvania, and a number of telephone calls to and from that district. On the basis of these particulars it is clear that in the pipe flanges case too, venue properly lies in the Western District of Pennsylvania where a number of acts in furtherance of the alleged conspiracy occurred, as well as in this district. United States v. Kimball Securities, Inc., 25 F.R.D. 172, 174 (S.D.N.Y. 1960); 18 U.S.C. § 3237.

*The pipe flanges and rings case*

The only one of the remaining three defendants in this case which makes out what could be considered a persuasive case for transfer is Edgewater.

▮ Taylor Forge is an Illinois corporation, with its principal place of business in Cicero, Illinois, where it keeps such records as might be relevant to the charges in the indictment. While it does have a manufacturing facility and a sales office in the Western District of Pennsylvania, its position, in essence is that Pittsburgh is closer to its head office and therefore would be more convenient than New York. Plainly this alone is insufficient to require a transfer.

▮ Alco is a New York corporation, with its principal place of business in New York City. Its manufacturing plant and production and sales records relating to pipe flanges and rings are at Latrobe, Pennsylvania, in the Western District. Its position is that a trial in Pittsburgh would be considerably more convenient for it than a trial in New York. However, the fact that its main office is in New York indicates that no great hardship would result from a trial here. Nor am I much impressed with the fact that its pipe flange and ring records are in Latrobe. There is no showing that such records as may be necessary at the trial are so voluminous as to make their production in New York an undue hardship on Alco. Certain executives may have to be brought on from Latrobe if the trial is held in New York but the trip to New York is a short one and there appears to be no reason why such arrangements cannot readily be made.

Edgewater, on the other hand (a defendant in both cases), is a Pennsylvania corporation, with its principal place of business and all its manufacturing facilities at Oakmont, Pennsylvania, in the vicinity of Pittsburgh. It is a relatively small steel company, as such companies

---

1. Baldwin-Lima, a defendant in both indictments, has been permitted to plead nolo contendere since joining in the motions to transfer. The motions are therefore moot as to this defendant.

go, with assets of some $10,000,000, net sales of about $16,000,000 annually, and some 900 employees. It urges that it would undergo severe hardship were the trial to be held in New York, and stresses a number of factors which would cause such hardship. It points to the necessity of retaining New York counsel in addition to its general counsel in Pittsburgh, who in any event must participate in the defense. It claims that it has only two executives with overall responsibility, both of whom will be witnesses and one of whom should be present throughout the trial. Its main executives, four principal employee witnesses, and other employee witnesses, all reside in or near Pittsburgh. Edgewater claims that its business would be seriously disrupted by the absence of these men when their presence was required in New York. One of the principal employee witnesses is said to have recently suffered two heart attacks though he is still in the active service of the company. Edgewater also claims that the production of necessary records in New York would entail great difficulties. The burdens and substantial expense on Edgewater arising from a trial here must be weighed against the countervailing factors in favor of such a trial.

The Government, while it does not contravene most of the facts on which the various defendants' claims of hardship are based, urges that such claims are greatly exaggerated and are "merely a parade of imaginary horrors."

In the pipe flanges and rings case it contends that 95% of the activities with which the defendants are charged, including a large majority of the meetings at which the alleged conspiracy was planned and carried out, took place in the City of New York. Meetings of the American Tire Manufacturers Export Association, out of which the conspiracy is alleged to have arisen, also were regularly held here. The Government's estimate finds support in the extensive grand jury minutes which the Government submitted to the court.

The Government states that at the present time it intends to call only witnesses who testified before the grand jury. Of the 18 witnesses called before the grand jury in this case, the Government states that only 5 reside in the Western District of Pennsylvania. The residences of the other witnesses are widely scattered and include New York, the Eastern and Middle Districts of Pennsylvania, with 8 residing in Illinois or Wisconsin.

Moreover, the Government points out that the Antitrust Division of the Department of Justice, the agency prosecuting the case, has no field office in the Western District of Pennsylvania, whereas it has an office here staffed to handle the three cases which arose out of the investigation of steel prices by the grand jury in this district, including the pipe flanges case. In addition to the two now before me the third indictment (No. 62 Cr. 393) charges Bethlehem, U. S. Steel and others with price fixing in the open die steel forgings industry. There has been no attempt to transfer the forgings case to Pittsburgh and it will be tried in this district. The Government points to the difficulties of trying one of these cases in New York and the others in Pittsburgh and the staff problems which that would create.

Whether a criminal proceeding should be transferred to another district where venue also lies, in the interests of justice, is a question addressed to the sound discretion of the court. Minnesota Mining & Manufacturing Company v. Platt, 314 F.2d 369, 371 (7 Cir. 1963); United States v. Cashin, 281 F.2d 669, 671 (2 Cir. 1960).

The factors which affect the question, which, in the main, are similar to those arising in the transfer of civil cases under 28 U.S.C. § 1404(a), are well settled and need not be repeated here. See Parsons v. Chesapeake & O. R. Co., 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963); Ackert v. Ausman, 198 F.Supp. 538, 542 (S.D.N.Y.1961), petition for mandamus denied sub. nom. Ackert v. Bryan, 2 Cir., 299 F.2d 65 (2 Cir. 1962);

Peyser v. General Motors Corporation, 158 F.Supp. 526, 528 (S.D.N.Y.1958). See also Norwood v. Kirkpatrick, 349 U. S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In criminal cases the historic interest of a defendant in a trial in his own vicinage must also be weighed in the balance. See United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944); Minnesota Mining and Manufacturing Co. v. Platt, supra, 314 F.2d at 372, 375; United States v. Cashin, supra, 281 F.2d at 675.

One of the purposes of Rule 21 (b) was to protect a defendant against abuses arising from indictment by the Government in a jurisdiction far removed from his home when the logical place for trial would be at the place where he resides and carries on his normal activities. See United States v. National City Lines, 7 F.R.D. 393 (S.D. Calif. 1947).

However, in the case at bar, it is plain that the Government acted in good faith in seeking the indictment in the pipe flanges and rings case in this district and that it did not abuse its prerogatives in so doing. Since by far the major portion of the activities which are the subject matter of the charge occurred in this district the proper and logical place for the grand jury investigation was here. There is no unfairness to defendants in requiring them to try the case in the jurisdiction in which they chose to carry on most of the activities with which they are charged. See United States v. Aronson, 319 F.2d 48, 52 (2 Cir. 1963).

Trial in this district would place little, if any, additional burden on two of the three defendants. As for Edgewater, the other defendant, the only witnesses affected are its own officers and employees and the problems created are by no means insurmountable. No outside witnesses for the defendants appear to be affected. The burden placed on Edgewater by a trial here is counter-balanced to some extent by the inconvenience to the Government of a trial in Pittsburgh. Edgewater, like the other defendants, carried on the activities charged here, and this is the logical place for a trial on these charges.

On balance, the defendants have not made out a case for transfer.

### The wheels case

In the wheels case, as in the pipe flanges and rings case, the only defendant which makes out any persuasive case for transfer is Edgewater. Indeed, the other defendants, U. S. Steel, Bethlehem and Armco appear to be riding almost entirely on Edgewater's coattails.

U. S. Steel is a New Jersey corporation, with its principal place of business in Pittsburgh, where its records are kept and its sale and price policies are administered. However, it has executive offices in this district and it plainly carries on extensive activities here. It has wheel plants in McKees Rocks, Pennsylvania, near Pittsburgh and at Gary, Indiana. U. S. Steel has not shown that any undue burden would be placed upon it were the case tried here.

Armco is an Ohio corporation, with its principal place of business in Middletown, Ohio. Its wheel plant and technical personnel are in Butler, Pennsylvania, near Pittsburgh and it maintains an air service with its own planes between Middletown and Pittsburgh which would make it convenient to ferry records and personnel from its principal offices there. However, the essence of its position is that Pittsburgh would be more convenient to it than New York. That is plainly not enough to require transfer.

Bethlehem is a Pennsylvania corporation, with its principal place of business in Bethlehem, Pennsylvania, in the Eastern District of Pennsylvania, where its price and sales records relating to wheels are kept. Its wheel plant is at Johnstown, Pennsylvania, in the Western District and its production records are there. It says that the testimony and advice of the General Manager of its Railway

and Industrial Cars Division, who divides his time between Johnstown and Bethlehem, is indispensable to the defense. Again this showing is far from sufficient to require transfer.

This leaves Edgewater, whose situation has already been fully discussed, as the only defendant to whom transfer is of major concern.

While the major portion of the activities charged in the pipe flanges case occurred in New York rather than in Pittsburgh, this does not appear to be true in the wheels case. Nevertheless, a number of the activities complained of occurred in this district. Moreover, in contrast to the pipe flanges and rings case, the charges relate largely to sales made to the New York City Transit Authority. Sealed bids were submitted and wheels were delivered to the Authority in this district. Indeed, the Authority seems to be in the position of a complainant and it is clear that witnesses from the Authority will necessarily be called by the Government. Their convenience is a major consideration here. Of the 31 witnesses in the wheels case who testified before the grand jury, 7 reside in the New York area. There are 11 who reside in the Western District of Pennsylvania. The residences of the remaining 13 are widely scattered and it does not appear that it would make any great difference to them whether the trial was held here or in Pittsburgh.

 The difficulty and inconvenience to the Government in splitting the trials of the three cases arising from the investigation of steel prices by the grand jury in this district between New York and Pittsburgh has already been referred to and is entitled to some weight. See United States v. Olen, 183 F.Supp. 212, 219 (S.D.N.Y.1960), petition for mandamus denied sub. nom. United States v. Cashin, supra. Moreover, both United States Steel and Bethlehem are already committed to trying the forgings case here and I have determined that Edgewater must try the pipe flanges case in this district. The additional burden on these defendants of trying the wheels

case here also may be to some degree lessened because of arrangements they will in any event be compelled to make in the other cases.

Under all the circumstances it cannot be said that this district would be inappropriate for the trial of the wheels case or that a trial here would be unfair to any of the defendants, including Edgewater. It seems to me logical and sensible for the three cases arising from the single grand jury investigation to be tried in the district in which the indictments were returned, and in which a number of the activities complained of were carried on. On balance the defendants in the wheels case have not persuaded me that transfer is required in the interest of justice.

Both the motion to transfer in the wheels case and the motion to transfer in the pipe flanges and rings case are denied in the exercise of my discretion.

It is so ordered.