**COLOR TECHNIQUE, INC., Plaintiff,**

v.

**DON WALLACE, INC., and Don Wallace, Defendants.**

**No. 65 C 365.**

United States District Court
N. D. Illinois, E. D.
April 19, 1965.

Geocaris & Geocaris, Chicago, Ill., for plaintiff.

John B. Huck, Chicago, Ill., for defendants.

PARSONS, District Judge.

This is an action for breach of a contract of sale. Jurisdiction is based upon diversity of citizenship. The matter comes before the Court for ruling on defendants' motion to transfer this cause to the United States District Court for the Northern District of Texas, or, in the alternative, to quash service of process and dismiss the action.

Defendants seek to transfer this cause to a District Court in Texas, under 28 U.S.C. § 1406(a), on the ground that venue is improper in this forum because defendants are not "doing business" in Chicago, Illinois. Section 1391 (c) of Title 28, United States Code, provides that a corporation *may* be sued in any district in which it is incorporated, licensed to do business or is doing business. Section 1391(a) provides that where, as here, jurisdiction is based solely upon diversity of citizenship, venue is proper where all plaintiffs *or* all defendants reside. Since plaintiff corporation is a resident of Illinois (being incorporated in, and having its principal place of business in Illinois), venue would appear proper under § 1391(a). Defendants argue, however, that the term "may" in § 1391(c) means "must", not "may", and that § 1391(c) must read as a limitation upon, rather than a supplement to, § 1391(a). No cases have been cited for this unique position, which is contrary to the language, policy, intention and good sense of the general venue provisions. To adopt defendants' argument would, in effect, change the disjunctive "or" in § 1391(a) to the conjunctive "and". Such a result appears neither intended nor desired by the drafters of the statute. I conclude, as a matter of law, that § 1391(c) is not to be read as a limitation upon § 1391(a). Accordingly, I find that venue is proper under § 1391 (a).

As an alternative ground, defendants move for transfer of this cause under 28 U.S.C. § 1404(a) on the ground of *forum non conveniens*. In determin-

ing whether this action should be transferred under 28 U.S.C. § 1404(a), it is not necessary to decide initially whether this Court has personal jurisdiction over defendants. United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964). The salutary purpose of § 1404(a) is to permit lawsuits to be tried in the most convenient forum in the Federal system. To effectuate that end, a court should interpret liberally the change of venue provisions which were designed to "[remove] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." See, Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

It is clear that this action "might have been brought" in the United States District Court for the Northern District of Texas. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Indeed an almost identical action is presently pending in that district, brought by defendants herein against plaintiff for declaratory judgment with respect to the same controversy which is the subject matter of this action.

■ The Court is confronted with the question whether transfer of this cause to the Federal Court in Texas would be "[f]or the convenience of parties and witnesses, and in the interests of justice." In ruling upon a motion to transfer under § 1404(a), a Federal District Judge is vested with broad discretionary power. Parsons v. Chesapeake & Ohio Ry. Co., 375 U.S. 71, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963).

The Texas action was filed a month before the instant cause commenced. Color Technique, Inc., has not claimed in the declaratory judgment action that Texas is not a convenient forum for litigating this controversy. Upon transfer of the instant cause to Texas, it would probably be consolidated under Rule 42(a) F.R. Civ.P. with the related action presently pending there.

In addition, the Bill of Sale, attached to the complaint, and upon which this action is based, explicitly provides that it is to be construed pursuant to the laws of Texas. Said Bill of Sale and documents dated October 1, 1963, attached to the complaint, are both to be performed, by their terms, in Texas, and, accordingly, are governed by Texas law. Since Federal Courts in diversity cases apply the law of the state in which they sit, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Judges in the Northern District of Texas would seem to be much more familiar with Texas law than would those in Chicago, Illinois.

Furthermore, the individual defendant Wallace resides in Texas and has no contact with Chicago, Illinois. Similarly, defendant corporation is incorporated in Texas, has its principal place of business in Texas, and is not "doing business" in Illinois. Any importance that might attach to the fact that negotiations leading up to the contract of sale in controversy were conducted in Chicago is overshadowed by the express contractual provision regarding the application of Texas law.

Finally, it appears that important witnesses and documentary evidence are located in Texas. Of course, a court, in ruling upon a motion to transfer before an answer has been filed, is unable to determine with certainty all of the issues in dispute, nor can or should it attempt to assess the proof of either side or to predetermine the merits of the case.

■■ Nevertheless, the Court must determine, in a preliminary inquiry, whether the interests of the parties, witnesses, and justice are best served by a transfer of the case. Based upon all of the facts and circumstances of record, I am of the opinion that the requirements of § 1404(a) have been met, and that this action should be transferred to the United States District Court for the Northern District of Texas.

■ Assuming, *arguendo*, that jurisdiction over the person of defendant is required in order to transfer an action under § 1404(a), I am of the opinion that service of process under the Illinois

long arm statute was proper here, and that this Court has jurisdiction over defendants' persons. Accordingly, defendants' motion to quash summons is denied.

It is ordered that the instant cause be, and the same hereby is, transferred to the United States District Court for the Northern District of Texas.