Southwick W. **BRIGGS** and Stone Filter Company, Incorporated, Plaintiffs,

v.

**GOULD–NATIONAL BATTERIES, INC.,** Defendant.

No. 65 C 2073.

United States District Court
N. D. Illinois, E. D.
June 27, 1967.

Walther E. Wyss, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for plaintiffs.

Edward W. Osann, Jr., Wolfe, Hubbard, Voit, Osann, Chicago, Ill., for defendant, Gould-National Batteries, Inc.

## MEMORANDUM AND ORDER

CAMPBELL, Chief Judge:

Defendant has moved to dismiss or transfer this cause alleging improper venue. Assuming proper venue, defendant also moves to transfer the cause to the District of Colorado for the convenience of parties and witnesses, and in the interest of justice, pursuant to 28 U.S.C § 1404(a).

Venue in a patent infringement action is controlled by 28 U.S.C. § 1400(b) which provides:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The parties agree that defendant does not reside in this district. The question thus becomes whether defendant, within this district; (a) has committed acts of infringement, and, (b) has a regular and established place of business.

Defendant's operation of a manufacturing plant of its Battery Division and its operation of a sales office to promote the sales of the products of its Battery Division and, to a lesser extent the accused filters, constitutes a regular and established place of business within the meaning of 28 U.S.C. § 1400(b).

Defendant's salesmen continuously solicited orders for the accused filters in this district, though the soliciting of filter sales may have been secondary to their efforts on behalf of the products of the Battery Division. These salesmen were equipped with samples of the accused filters for demonstration or display to potential customers. They were also supplied with catalogs and brochures advertising the accused filters. These activities are sufficient to amount to "infringing sales" within the meaning of 28 U.S.C. § 1400(b), even though the sales were not completed in the district but had to be forwarded to St. Paul, Minnesota, and Longmont, Colorado for final acceptance. (Union Asbestos and Rubber Co. v. Evans Products Co., 7th Cir., 328 F.2d 949.)

Defendant's motion to dismiss or transfer for improper venue is denied.

I find no reason to disturb plaintiff's choice of forum and grant defendant's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the District of Colorado. On the contrary, I believe the interest of justice demands that the case be tried here. There are presently six cases consolidated before me involving an alleged infringement of the same patent. It would be absurd to require plaintiffs to try four or five cases here and one or two similar suits elsewhere.

The motion of defendant to transfer this case to the District of Colorado is denied.