The MAGNAVOX COMPANY, a corporation, and Sanders Associates, Inc., a corporation, Plaintiffs,

v.

BALLY MANUFACTURING CORPORATION, a corporation, et al., Defendants.

No. 74 C 1030.

United States District Court,
N. D. Illinois, E. D.

April 28, 1976.

7. *See Hecht v. Harris, Upham & Co.*, 430 F.2d 1202 (9th Cir. 1970).

Theodore W. Anderson of Neuman, Williams, Anderson & Olson, Chicago, Ill. (Thomas A. Briody, Fort Wayne, Ind., Louis Etlinger, Nashua, N. H., and James T. Williams, Chicago., Ill., of counsel), for plaintiffs.

Donald L. Welsh and A. Sidney Katz of Fitch, Even, Tabin & Luedeka, Chicago, Ill., for Midway Mfg. Co.

## MEMORANDUM OPINION

GRADY, District Judge.

Before the Court is a motion by defendant Midway Manufacturing Company (Midway) to sever the case against it and transfer it to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, we hold that severance and transfer would not be for the convenience of the parties and witnesses nor in the interest of justice. Accordingly, the motion is denied.

This case is one of four related cases. This case and two others were brought by The Magnavox Company (Magnavox) and Sanders Associates, Inc., (Sanders) alleging infringement of patents owned by Sanders ·and exclusively licensed to Magnavox for the manufacture and sale of video games. The fourth case, transferred to this court from the Northern District of California, was brought against Magnavox and Sanders by Atari, Inc., and seeks a declaratory judgment that certain of the patents are invalid and not infringed. Defendants in the instant case are Bally Manufacturing Company (Bally), and its wholly owned subsidiaries, Midway, which manufactures competing games alleged to infringe two of the plaintiffs' patents, and Empire Distributing, Inc., (Empire) which distributes these games. Shortly before this case was instituted, Midway, but not Bally and Empire, filed a complaint against Magnavox and Sanders in the Southern District of New York, *Midway Manufacturing Company v. The Magnavox Company*, 74 Civ. 1657 (CBM) (S.D.N.Y.), seeking a declaratory judgment of invalidity and non-infringement of four patents, including two involved in the instant case and one involved in one of the consolidated cases. The issues involved in the two cases are thus nearly identical, and the purpose of Midway's motion is to enable this case to be tried together with the one in New York.

Magnavox and Sanders filed a motion to have the New York case transferred to this court so that it could be consolidated with this case. That motion was denied by Judge Motley in a Memorandum Opinion and Order dated November 5, 1975. Earlier, Magistrate Charles J. Hartenstine, in a more detailed opinion, recommended denial of the motion.

Midway does not argue that Judge Motley's decision requires that the entire controversy between it and Magnavox and Sanders be heard in the Southern District of New York. It does, however, contend that Judge Motley's and Magistrate Hartenstine's conclusion that New York is a more appropriate forum is entitled to great weight.

We do not interpret Judge Motley's and Magistrate Hartenstine's opinions, however, as indicating that New York is the most appropriate forum for this controversy. Under § 1404(a), a movant has a strong burden to show that another forum is *more* appropriate. As the Supreme Court held concerning the related doctrine of forum non conveniens, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Blake v. Capitol Greyhound Lines*, 95 U.S.App.D.C. 334, 222 F.2d 25, 27 (1955); *Wiren v. Laws*, 90 U.S.App.D.C. 105, 194 F.2d 873, 875 (1951). Judge Motley merely held that Magnavox and Bally had not made a clear showing that this district was the proper one. Furthermore, a decision whether to transfer under § 1404(a) is within the discretion of the district court. *Parsons v. Chesapeake & O. Ry.*, 375 U.S. 71, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963). We decline to be bound by the discretionary

action of another judge, particularly where, as here, there are sound reasons for requiring Midway to litigate this controversy in this district.

■ There are several respects in which Midway has failed to meet its burden under § 1404(a). First, regardless of whether it may be more convenient in some ways for this controversy to be tried in New York, we will still face litigation in this court concerning the same patents. Although Midway has moved for transfer to New York, its distributor, Empire, will be left in this case, and the same questions will have to be resolved whether Midway is before us or not. We will still have to decide whether the patents are valid and whether the machines manufactured by Midway infringe those patents. Indeed, Midway, Empire and Bally are represented by the same counsel, and any relevant witnesses and documents will have to be brought here by Empire and Bally anyway.

In a similar case, *Briggs v. Gould-National Batteries, Inc.,* 272 F.Supp. 186 (N.D.Ill. 1967), Chief Judge Campbell denied a motion to transfer one of six consolidated cases alleging infringement of the identical patent. He observed, "It would be absurd to require plaintiffs to try four or five cases here and one or two similar suits elsewhere." *Id.* at 187. In a number of other cases, courts have granted motions to transfer so that the cases could be consolidated with related cases in other districts. *Maxlow v. Leighton,* 325 F.Supp. 913 (E.D.Pa. 1971); *Farbenfabriken Bayer A. G. v. National Distillers and Chemical Corp.,* 324 F.Supp. 156 (S.D.N.Y.1971); *Pierce v. Rederi A/B Transatlantic,* 191 F.Supp. 220 (S.D.N.Y.1960); *cf. Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). The considerations of efficiency and judicial economy are even more compelling here where Midway seeks to transfer its case away from the consolidated cases involving the same patents.

Another reason for denying the motion is that the case can be tried here at an earlier date than in New York. Trial of this action has been set for June 1, 1976. The related New York case, on the other hand, can be tried no earlier than July 1, 1976, and it appears that it will be delayed well beyond that date. The relative trial delay is an important factor in deciding whether to transfer, and public interest, one of the considerations under § 1404(a), will be served by an early resolution of the controversies surrounding these patents. *Parsons v. Chespeake & O. Ry.,* 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963); *Solomon v. Continental American Life Insurance Co.,* 472 F.2d 1043, 1047 (3d Cir.1973); *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439, 445 (2d Cir.1966); *Fannin v. Jones,* 229 F.2d 368 (6th Cir.), *cert. denied,* 351 U.S. 938, 76 S.Ct. 834, 100 L.Ed. 1465 (1956); *Ackert v. Ausman,* 198 F.Supp. 538, 542 (S.D.N.Y.1961), *mandamus denied,* 299 F.2d 65 (2d Cir.1962).

Moreover, aside from these considerations, it does not appear to this Court that the Southern District of New York would be a more convenient forum. Midway, in fact, is an Illinois corporation and its design and manufacturing activities are carried on in this district. Magnavox manufactures its games in Fort Wayne, Indiana, far closer to this district than to New York. In presenting this motion, Midway has relied heavily on the fact that Sanders is located in New Hampshire, where the plaintiffs' games were invented and where the inventors still reside. While it may be more convenient for Sanders to try this case in New York, Midway's convenience is not affected. Sanders' convenience should not be a reason to transfer if Sanders does not assert it.

Midway also contends that nineteen potential witnesses live on the East Coast and that their convenience would be served by being able to testify in New York rather than Chicago. On the other hand, there are also a number of witnesses for whom Chicago is more accessible. Indeed, plaintiffs have listed several potential witnesses who would not be subject to service if the case were tried in New York. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct.

839, 91 L.Ed. 1055 (1947). To say the least, Midway has not clearly shown that the Southern District of New York is a more convenient forum for the parties or witnesses.

In view of our decision, it is unnecessary to consider plaintiffs' argument that the case cannot be transferred because this is not a case that might have originally been brought in the transferee district. It is also unnecessary to consider whether, if transfer is inappropriate as to all defendants because the case could not have been brought against them all in the transferee district, the court may sever and transfer the case as to one defendant against whom the action might have been brought there. *See Lemelson v. Ampex Corp.*, 372 F.Supp. 708, 714 (N.D.Ill.1974).

Midway's motion to sever and transfer is denied.