HY–GAIN ELECTRONICS
CORPORATION,
Plaintiff,

v.

CONRAC CORPORATION, Defendant.

No. 75 Civ. 6044.

United States District Court,
S. D. New York.

Aug. 16, 1976.

Brumbaugh, Graves, Donohue & Raymond by Francis J. Hone, New York City, for plaintiff.

Watson, Leavenworth, Kelton & Taggart by Herbert Blecker, New York City, Fulwider, Patton, Rieber, Lee & Utecht by Laurence H. Pretty, Los Angeles, Cal., of counsel, for defendant.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

This is a motion pursuant to 28 U.S.C. § 1404(a) to transfer this action charging the defendant with patent infringement to the Northern District of Iowa, Cedar Rapids Division. The alleged infringement is the manufacture and sale of citizens' band radio antennae which are marketed by defendant's Turner Division, located at Cedar Rapids.

Preliminarily, the plaintiff challenges the defendant's allegation that the action "might have been brought"[1] in the Northern District of Iowa, claiming that there were no sales in that District prior to the commencement of this action.[2] However, the affidavit of the General Manager of defendant's Turner Division affirmatively avers that prior to and since the commencement of this action, the defendant through that Division has sold the alleged infringing antennae within the Northern District of Iowa from an inventory maintained at Cedar Rapids. While it is true that upon his deposition the affiant was uncertain whether sales were made directly to user-customers, this uncertainty must yield not only to the affirmation in his affidavit submitted on this motion, but to other testimony in his deposition that all distributors' orders were placed directly with the Cedar Rapids office. These transactions with distributors constitute sales no matter where the inventories from which those orders were filled were located.[3] In addition, it appears that inventory was maintained at Cedar Rapids from which some such orders were filled. Finally, upon the argument of this motion firm evidence was presented of a specific sale of allegedly infringing antennae by defendant at Cedar Rapids, with delivery to the purchaser at its place of business in that city. Clearly, the action "might have been brought" in the district within which Cedar Rapids is located.

The plaintiff next challenges that the convenience of the parties and the interests of justice will be served by a transfer. Since the commencement of the action, both sides have engaged in substantial pre-trial discovery and are aware of one another's witnesses and where they reside, and of the location of documents and records. Applying the criteria which govern a motion under § 1404(a)[4] the Court is satisfied that the motion should be granted. Since the parties in their respective discussions have strayed somewhat from the precise matters to be considered on a § 1404(a) application, emphasis must be given to the nature of the action and the issues raised

---

1. See Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Schneider v. Sears, 265 F.Supp. 257, 261–62 (S.D.N.Y.1967).

2. See 28 U.S.C. § 1400(b).

3. Cf. W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 725, 35 S.Ct. 458, 59 L.Ed. 808 (1915); Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949, 952 (7th Cir. 1964).

4. See Schneider v. Sears, 265 F.Supp. 257 (S.D. N.Y.1967).

thereunder. The defendant not only denies infringement but challenges the validity of plaintiff's patent. Thus, validity and infringement are the essential issues.

Most of the witnesses for both sides who can testify as to the operative facts relating to patent validity and infringement are located in Lincoln, Nebraska, or Cedar Rapids, Iowa. Plaintiff's potential witnesses include the inventor of the patent, plaintiff's President and its antenna development manager, and four former employees who played a role in or have knowledge of the design, development and sales of the patented invention. All these witnesses reside in Lincoln, Nebraska, or its environs. In addition, plaintiff's main office and principal plant is located at Lincoln, Nebraska, where it maintains its principal files relating to the patent in suit. It has no office in this District.

The defendant's Turner Division, which designed, developed and markets the alleged infringing antennae, is located in Cedar Rapids, Iowa. Virtually all documents and records relating to the allegedly infringing antennae are located in that city. Finally, those witnesses whose testimony is most important and relevant on the design and development of defendant's antennae are in Cedar Rapids, Iowa.

The estimated distance from Lincoln, Nebraska, to Cedar Rapids, Iowa, is approximately 250 miles; to New York City it is approximately 1200 miles. While plaintiff's witnesses who reside in Lincoln, Nebraska, and are no longer in its employ or under its control are beyond the subpoena power of either court [5] the likelihood of persuading them to travel a distance of 250 miles to give live testimony before a court is much greater than if they are subjected to the inconvenience of travelling 1200 miles to

this District. Defendant points out that since plaintiff has demanded a jury trial, defendant would prefer to have the oral testimony of knowledgeable witnesses in its employ rather than rely upon their depositions to be read at trial. With most of these witnesses located at Cedar Rapids, defendant would be subjected to substantial travel and accommodation expense if the action remains in this District. Moreover, to bring these witnesses to New York would disrupt the normal functioning and operations of its Turner Division.

While it is true that a number of defendant's witnesses are assigned to and reside at its New York City office or at its Cramer Division, in Old Saybrook, Connecticut, on an overall basis most of the defense witnesses work or reside in Cedar Rapids. Defendant would be considerably less inconvenienced by a transfer to Cedar Rapids.[6] On the other hand, no witness to be called by plaintiff on the essential issues of validity or infringement works or resides in this District; moreover, plaintiff itself, a Delaware Corporation, has no contact with this District.[7] The balance of convenience of witnesses is decidedly tipped in favor of Cedar Rapids.

In addition to the foregoing, a comparison of the calendar conditions in both Districts, while not determinative, is a factor which weighs in favor of the transfer.[8] The median time from filing to disposition in civil cases in the Northern District of Iowa is ten months, whereas in this District it is fifteen months.[9]

Upon consideration of all pertinent factors the Court is persuaded that the proposed transferee District is more convenient with respect to access to documentary and testimonial proof, and that the interests of justice will better be served by a trial there.

---

5. Rule 45(e)(1), Fed.R.Civ.P.

6. Cf. Faigenbaum Machinery, Inc. v. Scott & Williams, Inc., 344 F.Supp. 1267, 1271–72 (S.D. N.Y.1972).

7. See Xerox Corp. v. Litton Industries, Inc., 353 F.Supp. 412, 416 (S.D.N.Y.1973).

8. See Parsons v. Chesapeake & Ohio Ry. Co., 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963); A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 445 (2d Cir. 1966).

9. 1975 Annual Report of the Director, Administrative Office of the United States Courts, Table C–5.

Accordingly, the motion to transfer is granted.