Marie A. KRAMER, Plaintiff,

v.

BURLINGTON NORTHERN, INC., Le-Mars Mutual Insurance Company of Iowa and Ray Charles West, Defendants.

No. 75–C–363 W.D.

United States District Court,
W. D. Wisconsin.

Aug. 8, 1978.

Michael, Best & Friedrich by Arvid A. Sather, Madison, Wis., for plaintiff.

Johns, Flaherty & Gillette by John J. Perlich, LaCrosse, Wis., for LeMars Mut. Ins. Co. and Charles West.

Moen, Sheehan, Meyer & Henke, Leon E. Sheehan, LaCrosse, Wis., for Burlington Northern, Inc.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Burlington Northern, has moved that the trial of this case be held in the western district of Wisconsin. To understand my disposition of this motion, it will be helpful to recount why this and other western district cases are being heard by judges of the eastern district.

By June 30, 1976, over 900 cases were pending before Judge James E. Doyle, the sole judge presiding in the western district of Wisconsin. This caseload was one of the largest pending in any district court in the United States. In an effort to alleviate this backlog, pursuant to 28 U.S.C. § 292, the chief judge of this circuit requested that various district judges within the circuit hear cases from the western district. In 1975 and 1976, the three judges in the eastern district of Wisconsin accepted 200 cases from the western district, or approximately 66 cases per judge.

Burlington Northern advances a number of arguments in support of its motion to hold the trial of this case in the western district of Wisconsin. First, Burlington Northern asserts that the trial was scheduled in the eastern district for my personal convenience, without regard for the convenience of witnesses or the parties. This assertion completely misconceives the policy underlying the practice of holding western district hearings in the eastern district. In order to have accepted such a substantial influx of western district cases and at the same time to continue to handle the increasing caseload of eastern district cases, I have found it necessary to conduct western district proceedings in Milwaukee. It would be a heavy burden to move myself and members of my staff periodically to the western district for the 66 cases in question.

Moreover, movant's counsel has stated that this will be a lengthy trial—six weeks in duration. With this case being tried in Milwaukee, I will be able to hear and consider many other incidental or preliminary matters during the course of the trial, which I would not be able to do if this trial were held in Madison. Were I not able to conduct hearings in western district cases in Milwaukee, I would have been obliged to decline to accept the number of western district cases that I did. The practice of holding western district proceedings in Milwaukee is not designed for my personal convenience, but rather is designed to meet a judicial emergency—to secure speedier determination of western district cases.

The defendant also bases its motion on Rule 77(b), Federal Rules of Civil Procedure. Rule 77(b) provides that a hearing is not to "be conducted outside the district without the consent of all parties affected thereby." In my opinion, Rule 77(b) does not require that the trial in this case be held in the western district of Wisconsin.

I do not believe that the drafters of Rule 77(b) anticipated that the rule would be applied to cases transferred because of what may fairly be called a judicial emergency. The relevant inquiry thus becomes whether Rule 77(b) should be applied to the case at bar even though its drafters never anticipated its application to such a case. The answer to such an inquiry may be guided by Rule 1, Federal Rules of Civil Procedure. Rule 1 provides that the Federal Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

If Rule 77(b) were to be applied as the defendant urges, the result would be a substantial delay in the resolution of a large number of both western district and eastern district cases. Such a delay and the injustice that might result therefrom outweigh the inconvenience to parties or witnesses in an individual case. Several of the parties and witnesses in this case reside in the western part of the state, but it is also true, as plaintiff's counsel points out in his affidavit, that:

"...  the holding of this trial at the Federal Courthouse in Milwaukee Wisconsin versus the Federal Courthouse in Madison, Wisconsin will not impose any inconvenience or hardship on the witnesses located in the Western District who will principally come from the Prairie du Chien and La Crosse geographical areas since the difference in the distance or nature of transportation facilities as between Madison and Milwaukee from these geographical areas does not impose a substantial hardship; and  .  .  . the plaintiff intends to subpoena to appear at the trial of this proceeding approximately five witnesses from the Chicago area, and three witnesses from the Milwaukee area;  .  .  .."

While the inconvenience to parties and witnesses will not be great, by holding the trial in Milwaukee the dispute will be resolved far sooner than might have been the case had the action not been heard by a judge of the eastern district. A defendant in a tort action involving unliquidated damages may not favor an early trial, but after over three years, it is surely time to get this case to trial. I have set this trial for October 23, 1978.

■ Another helpful guide for the balancing which must be done in this case is the case law which has developed under 28 U.S.C. § 1404(a). A judge considering the transfer of a case to a different district under § 1404(a) must weigh the "convenience of parties and witnesses" and "the interest of justice," much as I must do in

the case at bar. The Supreme Court has held that under § 1404(a) "a trial judge weighing the interests of justice could legitimately consider the condition of his court's docket an important factor." *Parson v. Chesapeake & Ohio Ry.*, 375 U.S. 71, 73, 84 S.Ct. 185, 187, 11 L.Ed.2d 137 (1963). *See also, First National Bank of Minneapolis v. White*, 420 F.Supp. 1331, 1337 (D.Minn. 1976); *Xerox v. Litton*, 353 F.Supp. 412, 416–17 (S.D.N.Y.1973).

■ Another legitimate consideration under § 1404(a) is judicial efficiency. In *Pfizer, Inc. v. Lord*, 447 F.2d 122 (2d Cir.1971), this consideration was held to justify the holding of trial over one thousand miles from the place in which an action was filed. In a recent decision, the United States Supreme Court commented on the legitimacy of a district judge's concern for his docket and judicial efficiency:

"No one can seriously contend that a busy federal trial judge, confronted both with competing demands on his time for matters properly within his jurisdiction and with inevitable scheduling difficulties because of the unavailability of lawyers, parties, and witnesses, is not entrusted with a wide latitude in setting his own calendar." *Will v. Calvert Fire Ins. Co.*, —— U.S. ——, ——, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504, 513 (1978).

Given the language of Rule 1, considerations of judicial efficiency and the relative conditions of the dockets in the eastern and western districts, I find that Rule 77(b) does not require trial of this case in the western district.

■ Moreover, even if I were to find Rule 77(b) applicable to the case at bar, it would still be my opinion that the defendant's motion should be denied. At a status conference held in the open courtroom on June 21, 1977, I specifically informed the parties, on the record, that the trial of this case would be conducted in Milwaukee. For fourteen months subsequent to the status conference, Burlington Northern ex-

pressed no objection to holding the trial in Milwaukee. I believe that the movant's silence during this period reflects its consent to that arrangement. This interpretation of consent under Rule 77(b) is consistent with the Supreme Court's treatment of consent under the venue statutes. The Court has held that the privilege to object to venue "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939).

Burlington Northern's motion comes just a few weeks before the trial of this case, which, as previously noted, is already over three years old. I do not believe that the consent which may be implied from the defendant's previous silence is vitiated by a belated motion which, if granted, would result in a very substantial delay of the trial.

Burlington Northern further bases its motion on Rule 45(e), Federal Rules of Civil Procedure, which provides that subpoenas requiring a witness to attend a trial may only be served within the district where the trial is to take place, or at locations outside of the district but within 100 miles of the place of trial. The movant contends that since some of its witnesses live outside of the eastern district of Wisconsin and more than 100 miles from Milwaukee, the trial should be held in the western district. Burlington Northern's argument on this point is not persuasive. The movant lists twenty-seven witnesses who it claims would not be subject to a subpoena to appear in Milwaukee for trial. However, twelve of these witnesses would be called to testify that they heard the train whistle just prior to the accident in this case. Another nine witnesses were police officers who would be called for their "observation of evidence at [the] scene" of the accident. Four of the remaining six witnesses on the list would testify to matters that at least one other witness would also testify to.

It is highly unlikely that either group of nine or twelve designated witnesses will be permitted to testify on the same subject. Indeed, it may constitute an abuse of process for counsel to issue such redundant subpoenas. Moreover, Burlington Northern has not given any reason why the depositions of any witnesses who might refuse to attend the trial could not be read into the record in their absence. The number of witnesses to be called at the trial in this case will be considered at a final pretrial conference, now scheduled for October 18, 1978.

Therefore, I am persuaded that the movant has not shown that it will be substantially prejudiced by a trial in the eastern district, and its motion to hold the trial in this case in the western district will be denied.

Therefore, IT IS ORDERED that Burlington Northern's motion that the trial in this case be held in the western district of Wisconsin be and hereby is denied.