Complaint of FAR EASTERN SHIPPING COMPANY, As Owner of the KAPITAN MILOVZOROV, seeking exoneration from or limitation of liability.

No. 78 Civ. 1411.

United States District Court, S. D. New York.

Nov. 6, 1978.

Haight, Gardner, Poor & Havens, New York City (MacDonald Deming, Michael J. Egelhof, Gary D. Stumpp, New York City, of counsel), for plaintiff.

Donovan, Maloof, Walsh & Kennedy (David L. Maloof, John T. Lillis, Jr., New York City, of counsel), Hill, Rivkins, Carey, Loesberg & O'Brien (Robert J. Ryniker, New York City, of counsel), Graham & Simon, P.C. (Seymour Simon, New York City, of counsel), Healy & Baillie (Richard T. O'Connell, New York City, of counsel), Symmers, Fish & Warner (William Warner, New York City, of counsel), Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for cargo claimants.

LASKER, District Judge.

During a voyage from Tokyo to Seattle, sixty-five cargo containers were washed from the deck of the Kapitan Milovzorov. Two days before the vessel completed its voyage in Seattle, the cargo claimants who make the present motion filed suit against the vessel and its owner, Far Eastern Shipping Co. ("FESCO"), seeking to recover their losses from the mishap. Subsequently, other claims against the Kapitan Milovzorov and FESCO were made in New York, Maryland, Pennsylvania, Ohio, Illinois, and Texas. On March 29, 1978, FESCO commenced this action for exoneration from or limitation of liability under 46 U.S.C. §§ 183–185 (1976). As a consequence, further prosecution of all actions or proceedings against FESCO and the Kapitan Milovzorov was enjoined by this court pursuant to 46 U.S.C. § 185 and Supplemental Rule F, Fed.R.Civ.P.

Cargo claimants whose claims constitute about half of those asserted in this proceeding now move to dismiss FESCO's complaint on the ground that the limitation fund exceeds the claims asserted, or, in the alternative, to transfer the action to the Western District of Washington, where the original suit against the vessel and its owner was filed. None of the other cargo claimants opposes the motion.

The motion to dismiss the FESCO complaint was made before all the cargo claimants had filed claims in this proceeding. It is predicated on the mistaken assumption that the claims asserted would not exceed the limitation fund. *See Petition of Trinidad Corp.,* 229 F.2d 423, 428–29 (2d Cir. 1955); *Petition of Texas Co.,* 213 F.2d 479, 482 (2d Cir. 1954). As events have actually developed, the claims filed now exceed the limitation fund by $854,360.29. Consequently, the motion to dismiss must be denied.

The moving claimants seek in the alternative to transfer the limitation proceeding to the Western District of Washington, pursuant to Supplemental Rule F(9) and 28 U.S.C. § 1404 (1976), both of which provide for a transfer "[f]or the convenience of the parties and witnesses, in the interest of justice."

The major issues to be decided in this limitation proceeding are the cause of the

loss, whether the cause was negligent, whether the loss occurred "without the privity or knowledge of" FESCO, 46 U.S.C. § 183(a) (1976), the merits of the individual claims, whether any claim is exempt from the owner's right to limit its liability, and the value of the vessel and pending cargo.

The loss itself occurred in the Pacific; consequently, the primary witnesses will be the officers and crew of the Kapitan Milovzorov. Some of these individuals were deposed by the moving claimants before this limitation proceeding was begun, in preparation for their suit in the Western District of Washington, and FESCO has offered to bear the cost of transporting to New York any officers or crew members sought as witnesses. FESCO's offer relieves the claimants of any inconvenience in this regard, but the witnesses themselves would still be inconvenienced by a trip across the country, no matter who pays for it.

Expert testimony from surveyors and metallurgists is expected. The moving claimants, again in preparation for their suit in Washington, hired several experts who live and work on the West Coast, and these experts have inspected the vessel. FESCO has hired East Coast experts, one of whom has inspected the vessel.

The documents in the possession of FESCO that may be relevant to the proceeding are apparently located either on the West Coast or in the Far East. However, FESCO offers to produce them in New York. Documents in the hands of the claimants will presumably come from their offices, which are scattered about the country.

Finally, evidence regarding the stowing and lashing of the cargo, to the extent that it may become relevant, will come from witnesses located in Japan. On this motion the weight that can be given this factor is minimal, since there is insufficient information in the record regarding how many witnesses might be involved, and whether deposition testimony from them would be adequate or they would actually have to appear in court.

■ In sum, neither the Western District of Washington nor the Southern District of New York appears to be a substantially more convenient forum. To the extent that there is a difference, however, the Western District of Washington has the edge: it is as close to the center of gravity of this proceeding as any place in the United States. The Kapitan Milovzorov, which never visits New York or the East Coast, docks there regularly. She can be inspected there and her officers and crew are more readily available there.[1]

■ FESCO urges that its choice of forum be respected, relying on the Supreme Court's precept in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In the present case, however, while the technicalities of pleading cast FESCO as the "plaintiff," it cannot be so considered for purposes of this motion. A limitation proceeding provides a system for marshalling the assets of the shipowner subject to liability, and distributing them pro rata among the claimants, none of whom can be paid in full. Such a proceeding is inherently defensive, and is usually instituted, as here, in response to suits filed against the shipowner. In bringing the limitation action in the Southern District of New York, FESCO deprived the claimants of the benefits of their forums of choice. In these circumstances, FESCO can aptly be viewed as the party required to justify reso-

---

1. Although the relative congestion of the courts involved is an appropriate factor for consideration on a motion to transfer under 28 U.S.C. § 1404 (1976), *Parsons v. Chesapeake & O. Ry.*, 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963) (per curiam); *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 445 (2d Cir. 1966); *Farbenfabriken Bayer A. G. v. National Distillers & Chem. Corp.*, 324 F.Supp. 156, 160 (S.D.N.Y.1971), it is not a significant factor in this case. It is not clear that the Southern District of New York is any more congested than the Western District of Washington, and in any event, if an appropriate showing were made, trial before this court could be expedited. In short, there is no reason to assume that the case could not be tried here as quickly as in Washington.

lution of the controversies arising out of the loss aboard the Kapitan Milovzorov in this district rather than in the Western District of Washington. In short, FESCO bears the burden of sh^wing that this forum is the more convenient one.

As noted above, the District Court for the Western District of Washington is a somewhat more convenient forum for the prosecution of this proceeding than the District Court for the Southern District of New York. Whether it is sufficiently more convenient to justify the transfer of the proceeding were the burden of justifying transfer on the cargo claimants is immaterial, since in this situation the burden is on FESCO to justify retention of the action in this District.

The motion to dismiss FESCO's complaint is denied. The motion to transfer the limitation proceeding to the Western District of Washington is granted.

It is so ordered.