**MILWAUKEE ELECTRIC TOOL CORP., Plaintiff,**

v.

**BLACK & DECKER (N.A.) INC., Defendant.**

**No. 05 C 392 S.**

United States District Court, W.D. Wisconsin.

Sept. 28, 2005.

Michael E. Husmann, Milwaukee, WI, for Plaintiff.

Kim Grimmer, Solheim, Billing & Grimmer, S.C., Madison, WI, for Defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Milwaukee Electric Tool Corp. commenced this patent infringement action alleging a reciprocating saw with rotating handle made and sold by defendant Black & Decker infringes plaintiff's United States Patent no. 6,912,790. Defendant counterclaimed its product does not infringe any of the asserted claims of the '790 patent and the '790 patent is invalid and unenforceable. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a). The matter is presently before the Court on defendant's motion to transfer venue to the United States District Court for the Western District of North Carolina or in the alternative the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). The following facts relevant to the question of venue are not disputed.

## FACTS

Plaintiff Milwaukee Electric Tool Corp. is a Delaware corporation with its principal place of business in Brookfield, Wisconsin. Defendant Black & Decker is a Maryland corporation with its principal place of business in Towson, Maryland.

The parties are competitors in the manufacture and sale of power tools including reciprocating saws. Plaintiff sells its reciprocating saw in the Western District of Wisconsin. Defendant also sells its accused reciprocating saw in the Western District of Wisconsin where it competes directly with plaintiff's product.

## MEMORANDUM

Defendant's motion for change of venue is governed by 28 U.S.C. § 1404(a) which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other district or division where it might have been brought."

 Defendant admits it is subject to personal jurisdiction in the Western District of North Carolina. It also states venue would be proper in the Western District of North Carolina. Plaintiff does not contest these points. Accordingly, there is no question this action might have been brought in the United States District Court for the Western District of North Carolina and the Court's inquiry focuses solely on "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In ruling on this transfer motion the Court must consider all circumstances of the case using the three statutory factors as place holders in its analysis. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986) (citations omitted). Defendant bears the burden of establishing by reference to particular circumstances that the transferee forum is clearly more convenient. *Id.* at 219–220 (citations omitted). Defendant is unable to meet this burden.

*Convenience of the parties*

Plaintiff has its principal place of business in Wisconsin. Defendant has its principal place of business in Maryland. Accordingly, North Carolina is not the home forum for either party and defendant does not explain why it is more convenient for the parties to try this matter in North Carolina. Since defendant does not discuss the convenience of either party it failed to meet its burden of proving the Western District of North Carolina is clearly a more convenient venue than the Western District of Wisconsin.

*Convenience of the witnesses*

 Live testimony cannot be compelled when third party witnesses are distant from the forum court. *Merrill Iron & Steel, Inc. v. Yonkers Contracting Co., Inc.,* No. 05–C–104–S, 2005 WL 1181952 at *3 (W.D.Wis. May 18, 2005). Accordingly, the existence of such witnesses is frequently an important consideration in transfer motion analysis. *Id.* However, technological advancements have diminished traditional concerns related to ease of access to sources of proof and the cost of obtaining attendance of witnesses. *Rexall Sundown, Inc. v. Weidner Nutrition Int'l, Inc.,* No. 03–C–613–S, 03–C–620–S, slip op. at 4 (W.D.Wis. January 7, 2004). While geographic concerns remain a part of the analysis the Court is mindful that relevant documents and witnesses "can be transported to this district in a fast and relatively inexpensive manner." *Id.*

Defendant argues transfer is necessary because numerous third-party witnesses reside in the Western District of North Carolina and they are not subject to compulsory process in this district. However, five of the ten witnesses it identifies are not subject to compulsory process in the Western District of North Carolina either. Accordingly, transfer does not achieve the desired purpose of compelling their live testimony. Further, defendant does not address why it cannot obtain the testimony of these witnesses through depositions.

Defendant further argues transfer is appropriate because none of its relevant physical evidence or documents are located in this district. However, none of the evidence is located in North Carolina. Defendant states all of the relevant documents and materials are located in either Tennessee or Washington D.C. This evidence can be transported to the Western District of Wisconsin just as easily as it can be transported to the Western District of North Carolina. Accordingly, the convenience of witnesses factor weighs against transfer.

*Plaintiff's Choice of Forum and Interests of Justice*

 Defendant argues plaintiff's choice of forum is not entitled to deference be-

cause it has not chosen its home forum or a forum with substantial connections to the dispute. Defendant argues the only possible connection is the sale of competing products within the district. As a general rule, plaintiff's choice of forum is entitled to great deference and its choice should not be set aside lightly. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265–266, 70 L.Ed.2d 419 (1981). However, plaintiff's choice of forum cannot be motivated by any improper purpose such as a desire to vex, harass, or oppress defendant. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). There is no suggestion plaintiff's choice of forum was motivated by any such purpose. Rather, plaintiff admits its choice was motivated in part by the relative speed of this Court's docket.

The factors considered in an "interests of justice" analysis relate to "the efficient administration of the court system" not to the merits of the underlying dispute. *Coffey,* at 221. The interests of justice are served when a trial is held in a district court where the litigants are most likely to receive a speedy trial. *Id.* (citations omitted). Accordingly, the relative speed with which an action may be resolved is an important consideration when selecting a venue. *Parsons v. Chesapeake & Ohio Ry. Co.,* 375 U.S. 71, 73, 84 S.Ct. 185, 187, 11 L.Ed.2d 137 (1963). Further, the relative speed with which an action may be resolved is particularly important in a patent infringement action "where rights are time sensitive and delay can often erode the value of the patent monopoly." *Broadcom Corp. v. Microtune, Inc.,* No. 03–C–0676–S, 2004 WL 503942 at *3 (W.D.Wis. March 9, 2004).

In exercising its choice of venue, plaintiff sacrificed some geographic convenience to itself in the interest of obtaining a swift resolution of the dispute. Swift disposition is an appropriate consideration in the interests of justice analysis. According to the U.S. District Courts' Judicial Caseload Profile statistics civil litigants in the Western District of Wisconsin could expect to go to trial in 10.5 months. However, the latest statistics available for the Western District of North Carolina demonstrated the median time from filing to trial in a civil case was 33 months. The likelihood of delay, the resulting increase in litigation expenses to the parties, and harm to plaintiff's patent monopoly weigh heavily in favor of the matter's prompt resolution in this district.

Defendant has not produced sufficient evidence demonstrating the Western District of North Carolina would be a clearly more convenient forum. Accordingly, defendant's motion to transfer venue to this district must be denied.

In the alternative defendant argues the Court should transfer the action to the Eastern District of Wisconsin. The Court fails to see how such a transfer resolves defendant's concerns. That being said, the Court is amenable to transferring the matter to the Eastern District and would continue to preside. However, while the Court is willing to incur such an excursion it is not an efficient use of judicial resources. Accordingly, defendant's alternative transfer motion is denied.

## ORDER

IT IS ORDERED that defendant's motion to transfer venue are DENIED.