587 F.Supp. 1027 (1984)
B.W.B. CONTROLS, INC.
v.
C.S.E. AUTOMATION ENGINEERING AND SERVICES, INC., et al.
Civ. A. No. 83-1532.
United States District Court, W.D. Louisiana, Lafayette-Opelousas Division.
July 17, 1984.
Glynn F. Voisin, Houma, La., for plaintiffs.
Thomas S. Keaty, Keaty & Keaty, New Orleans, La., for defendant.

*1028 RULING
SHAW, District Judge.
This matter comes before the Court on the motion of the defendant, C.S.E. Automation Engineering and Services, Inc. d/b/a Automation USA and Automation International, Inc. (Automation), to transfer this action to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). The plaintiff, B.W.B. Controls, Inc. (B.W. B.), brings this action against Automation for infringement of two B.W.B. patents, numbers 3,877,484 and 3,963,050. B.W.B. has brought two other infringement claims involving these patents and these actions are presently pending before Judge Collins in the Eastern District of Louisiana. In addition, the defendant here has sought a declaratory judgment against B.W.B. in regard to the same patents and that action is also pending before Judge Collins. The motion to transfer raises two issues: (1) whether venue is also proper in the Eastern District, and (2) whether transfer of this action would be for the convenience of the parties and witnesses and in the interest of justice. Automation bears the burden of proof on both issues, E.g., GTE Sylvania, Inc. v. Consumer Product Safety Commission, 438 F.Supp. 208 (D.Del.1977).

Venue
Venue will be proper in the Eastern District (1) if Automation "resides" there, or, (2) if Automation has committed acts of infringement in the Eastern District and has a regular and established place of business there. 28 U.S.C. § 1400(b).[1] Automation relies on the second leg of the text and maintains in its brief that it operates a sales office in New Orleans and that it has sold the allegedly infringing product in the Eastern District. Such activity would satisfy the venue requirements of section 1400(b). See Hy-Gain Electronics Corp. v. Conrac Corp., 418 F.Supp. 582 (S.D.N.Y. 1976). Yet Automation has provided absolutely no evidence in support of the assertions in its brief and B.W.B. has specifically contested the sufficiency of contacts for venue in the Eastern District. In light of Automation's burden of proof on this issue, the Court therefore cannot find venue under the second leg of the test.
The Court finds that venue is proper in the Eastern District under the first leg of the test, however. For purposes of venue under section 1400(b), a corporation resides in its place of incorporation. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Here, Automation is incorporated in Louisiana and the Eastern District thereof would thus be a proper venue. One court has held, however, that a corporation may be sued in the state of incorporation only in the judicial district where its principal place of business is located. Action Communication Systems, Inc. v. Datapoint Corp., 426 F.Supp. 973 (N.D.Tex. 1977). Automation's principal place of business is in the Western District. See the Affidavit of Carmen R. Schroedter. The Court must therefore determine whether residence venue under section 1400(b) is limited for corporations to the district of the principal place of business within the state of incorporation.
The Action Communication Systems opinion is well reasoned, but the Court nonetheless does not find its logic compelling. The Texas district court first turned to the statutory language and observed that section 1400(b) refers to "the district" in the singular, not to a "state" or to "districts" in the plural. Yet "the district" also refers to venue under the second leg of the test, which can be satisfied in more than one district. The phrase "the district" therefore does not limit the phrase "where the defendant resides" to only one judicial district. The court next pointed to the fact that section 1400(b) cannot be supplemented or modified by other venue statutes. See, e.g., Brunette Machine Works, Ltd. v. *1029 Kockum Industries, Inc., 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972). But expansion by supplementation or modification is not at issue here; it is already settled that residence under section 1400(b) encompasses a district of incorporation. Fourco Glass Co., supra. The issue here is whether an additional restrictive gloss should be imposed on section 1404(b)'s residence requirement.
The Action Communication Systems court also relied upon the absence in subsection (b) of section 1400 of the "or may be found" language that is found in subsection (a). This particular phrase allows suit against a copyright infringement defendant in any district where it is doing business. The absence of this language in subsection (b) leads to the obvious conclusion that Congress did not intend for patent infringement suits to be brought in any district where the corporate defendant is doing business. But the unavailability of "doing business" venue has little to do with the proper scope of residence venue based on incorporation. A conclusion that a defendant can be sued in any district in the state of incorporation would in no way read the "or may be found" language into subsection (b). Such a multi-district venue in the state of incorporation is far less expansive than "doing business" venue because a corporation "may be found" in numerous districts outside of the state of incorporation.
The district court in Texas was particularly concerned with the possibility that a patent infringement suit might be brought in a district that was far from the evidence and business activities concerned if the state of incorporation were quite large. Yet transfer under section 1404(a) stands as the easy solution to that problem. The Court is reluctant to place a restrictive gloss on a venue provision and thereby limit the available venues absent a clear Congressional directive to do so. The Court therefore holds that a defendant corporation "resides", and venue is proper under section 1400(b), in any judicial district in its state of incorporation. Cf. Davis v. Hill Engineering, Inc., 549 F.2d 314, 320-24 (5th Cir.1977) (the court held that venue was proper as to a corporate defendant under 28 U.S.C. § 1391(c) in any district in the state of incorporation). Thus, the Eastern District of Louisiana is a proper venue in the instant case.

Convenience and Justice
B.W.B. asserts that the Eastern District is not convenient because many records, documents and witnesses are located at Automation's Lafayette place of business. B.W.B. also points out that its inventor and its patent expert live in Houston, which is closer to Opelousas than to New Orleans. Yet the inconvenience that may be added in certain instances by the two-hour drive from Lafayette to New Orleans is far outweighed by the convenience of trying these patent infringement suits all involving the same patents in one action before one judge. Two trials can rarely be more convenient than one. Thus, the Court finds that the interests of both justice and convenience are served by a transfer of this action to the Eastern District of Louisiana.
Accordingly, the motion by the defendant, C.S.E. Automation Engineering and Services, Inc., d/b/a Automation USA and Automation International, Inc. to transfer this action to the Eastern District of Louisiana, is GRANTED.
NOTES
[1] "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."