**SUNBEAM CORPORATION, Petitioner,**

v.

**The Honorable Frank A. PICARD, United States District Judge, Respondent.**

**No. 12643.**

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1955.

**597**

Truman A. Herron, Cincinnati, Ohio, George R. Clark, Chicago, Ill., William H. Ganse, Detroit, Mich., Walther E. Wyss, M. Hudson Rathburn, Chicago, Ill., on brief for Sunbeam Corp.

Robert A. Choate, Barnes, Kisselle, Laughlin & Raisch, Detroit, Mich., on brief for respondent.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

SIMONS, Chief Judge.

In a patent infringement case brought against the petitioner an Illinois corporation, in the Eastern District of Michigan by one Ralph L. Tweedale, the plaintiff served process upon an affiliated or subsidiary corporation of the petitioner. The petitioner moved to dismiss on the ground that the District Court lacked jurisdiction over it, because it was not amenable to suit in the Eastern District of Michigan, being a foreign corporation not doing business in Michigan and having no regular or established place of business therein. The District Court overruled its petition to dismiss, whereupon, the petitioner sought mandamus to compel the District Judge to set aside its adjudication. We issued an order to show cause directed to the District Judge, have received a comprehensive response and the issues have been fully briefed.

The subsidiary, the Sunbeam Appliance Service Company, is a wholly owned subsidiary of the petitioner whose contention is that the separate corporate entities of the two Companies are rigidly maintained, that the petitioner does not maintain any office, warehouse or factory in Michigan, has no place of business in Michigan and is not licensed to do business there. The District Judge, in response, makes detailed findings of fact showing multitudinous activities of the subsidiary on behalf of its parent, the over-lapping of the officers and directors of the two corporations and the response by the subsidiary to the guaranty obligations of its parent, from which he concludes that Sasco is actually Sunbeam itself, or, at least, an agent thereof, so that service of process on the subsidiary amounts to service on Sunbeam and that the Court should, in the circumstances detailed, ignore the separate corporate identities and retain jurisdiction. The petitioner, relying upon Cannon Manufacturing Company v. Cudahy Packing Company, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, asserts that its subsidiary is merely serving as a

**598**

marketing instrumentality within the ambit of that case.

It becomes clear, upon full consideration of the record, that whether or not the subsidiary is the alter ego of the petitioner depends upon numerous circumstances that cannot be fully developed without a trial upon the merits, especially as the original complaint charges that petitioner committed acts of infringement within the Eastern District of Michigan. Section 48 of the Judicial Code, 28 U.S.C.A. § 109,[1] provides that, in patent infringement suits, the District Court shall have jurisdiction in the district in which the defendant is an inhabitant or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business. Blaw-Knox Company v. Lederle, 6 Cir., 151 F.2d 973 and Section 51 of the Statute[2] is not applicable to patent infringement proceedings.

Since the District Court's refusal to surrender jurisdiction may be reviewed upon an appeal taken from a final judgment, we conclude that notwithstanding the inconvenience, delay and expense to the litigants and without denying our power to issue the writ, that this is not an appropriate situation for its exercise. District Transit Lines, Inc., v. Starr, 6 Cir., 219 F.2d 699, 701.

Since a question of jurisdiction may be resolved at any stage of the initial proceedings, or upon review, the inconvenience, delay and expense to the litigants that, after a full exploration of facts and circumstances, may follow denial of jurisdiction, it may not be inappropriate to suggest that such result may be avoided if the plaintiff dismisses his suit and reinstates it in the Northern District of Illinois, as suggested by the District Judge. This procedure, of course, we may not compel.

The petition is denied.

1. Now 28 U.S.C.A. § 1400.

2. Now 28 U.S.C.A. §§ 1391, 1401, 1693, 1695.