**UNION PLANTERS BANK, N.A., Plaintiff,**

v.

**EMC MORTGAGE CORPORATION, Defendant.**

**No. 99–2317 DA.**

United States District Court, W.D. Tennessee, Western Division.

Oct. 19, 1999.

Robert L. Crawford, Edward F. Childress, Jr., Wyatt, Tarrant & Combs, Memphis, TN, for Union Planters Bank, N.A., plaintiff.

Sam B. Blair, Jr., Baker Donelson Bearman & Caldwell, Memphis, TN, Michael Swartzendruber, Fulbright & Jaworski LLP, Dallas, TX, for EMC Mortgage Corporation, defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

DONALD, District Judge.

The plaintiff, Union Planters Bank, N.A. (hereinafter "UP"), brought its complaint against the defendant, EMC Mortgage

Corporation (hereinafter "EMC"), as a diversity action seeking indemnification and damages resulting from certain lawsuits pursuant to a mortgage loan purchase agreement. UP filed suit in this court and EMC now moves to dismiss the action or, in the alternative, to transfer it to Texas on the basis of venue and a contractual forum selection clause. EMC requests that either the suit be dismissed pursuant to 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(3) or, in the alternative, it be transferred pursuant to 28 U.S.C. § 1404(a) or § 1406(a), to the U.S. District Court, Northern District of Texas, Dallas Division. For the reasons stated in this order, EMC's motion is granted.

*FACTS*

EMC and Leader Federal Bank for Savings entered into a Mortgage Loan Purchase Agreement on March 5, 1996. This agreement contained the following clause:

> SECTION 16. *PLACE OF DELIVERY AND GOVERNING LAW.* THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF TEXAS. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, EXCLUDING CONFLICT OF LAWS ISSUES. THE PARTIES HEREBY AGREE THAT ALL DISPUTES ARISING HEREUNDER SHALL BE SUBMITTED TO AND HEREBY SUBJECT THEMSELVES TO THE JURISDICTION OF THE COURTS OF COMPETENT JURISDICTION, STATE AND FEDERAL, IN THE STATE OF TEXAS.

(emphasis in original).

Subsequently, on October 1, 1996, Leader Federal Bank for Savings and UP merged. Thus, UP is the successor in interest of Leader Federal Bank for Savings.

During 1997, several lawsuits were filed against UP in Pennsylvania. UP then made demand against EMC for indemnification pursuant to Section 19 of the Mortgage Loan Purchase Agreement, which is the same agreement containing the previously quoted Section 16. EMC refused to indemnify UP and UP subsequently settled the suits in Pennsylvania. UP then initiated this action and requests recovery in the amount of $176,916.96.

*VENUE STANDARD OF LAW*

 Venue refers to the place where a lawsuit should be heard and is, thus, different from the question of jurisdiction.[1] Venue primarily concerns the convenience of the forum for the parties. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Venue is a personal privilege of the defendant and can be waived.[2] *Id.; Al–Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir.1990). It is to be applied to protect the defendant against the plaintiff choosing an unfair or inconvenient place of trial. *Leroy*, 443 U.S. at 183–84, 99 S.Ct. 2710.

 Venue is a creature of statute.[3] The general venue statutes are 28 U.S.C.

---

1. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167–68, 60 S.Ct. 153, 84 L.Ed. 167 (1939) (acknowledging that jurisdiction is a question of the court's power and venue is a question of the litigants' convenience). *See also Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 454 (6th Cir. 1988); *Dixie Portland Flour Mills, Inc. v. Dixie Feed & Seed Co.*, 382 F.2d 830, 833 (6th Cir.1967).

2. However a defendant cannot waive it for a co-defendant. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3829 (West 1986).

3. *See* Fed.R.Civ.P. 82 (stating that the rules of civil procedure do not extend or limit jurisdiction or venue except that admiralty or maritime claims shall not be subject to 28 U.S.C. §§ 1391–93); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3802 (West 1986).

§§ 1391–92. Where specific venue statutes exist, they control over the general venue statutes. *See Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228–29, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *Sunbeam Corp. v. Picard*, 227 F.2d 596, 598 (6th Cir.1955). However, the provisions of the general venue statutes are to be read as supplementing the special venue statutes in the absence of any contrary restrictions in the special statute. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 205, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966). State law does not control venue in federal court. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); *Miller v. Davis*, 507 F.2d 308, 316 (6th Cir.1974).

 Where jurisdiction is founded only on diversity, venue lies in the district: 1) where the defendant resides, if all defendants reside in the same state,[4] 2) where a substantial part of the events or omissions giving rise to the claim occurred or where a substantial part of the property which is the subject of the action is situated,[5] or 3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may be brought. 28 U.S.C. § 1391(a). The same tests apply where jurisdiction is not founded solely on diversity (*i.e.*, federal question jurisdiction) except for the last test which is that venue will lie in the district where any defendant may be found, if there is no district in which the action may be otherwise brought. 28 U.S.C. § 1391(b). How-

ever, if a lawsuit has both diversity and federal question jurisdiction, even if only diversity is pled as the ground for jurisdiction, the venue restrictions for federal question jurisdiction apply. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3804 (West 1986) (citing *Macon Grocery Co. v. Atlantic Coast Line R. Co.*, 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300 (1910)).

If the defendant is a corporation, then venue will lie in any district where the corporation is subject to personal jurisdiction (*i.e.*, is deemed to reside) at the time the action is commenced.[6] However, if a state has more than one judicial district, then venue will lie in the district where the corporation would be subject to personal jurisdiction or where it has the most significant contacts.[7] 28 U.S.C. § 1391(c). This section only applies when the plaintiff uses the defendant-corporation's residence as a basis for venue under either section 1391(a) or section 1391(b). *See* Commentary to 28 U.S.C. § 1391(c). Thus, determining whether venue exists under this section depends upon whether personal jurisdiction over the corporation exists at the time the action was commenced. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3811 (West Supp.1999).

Aliens can be sued in any district of the United States.[8] 28 U.S.C. § 1391(d). Civil actions against an employee, officer, or

---

**4.** A natural person is defined to reside in the district where he has his domicile or permanent home. *Ex parte Shaw*, 145 U.S. 444, 449, 12 S.Ct. 935, 36 L.Ed. 768 (1892); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3805 (West 1986).

**5.** When interpreting this portion of the statute, the trial court should permit venue in a forum of the plaintiff's choice which has a substantial connection to the plaintiff's claim, not necessarily the forum which has the most connections with the claim. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263–64 (6th Cir.1998).

**6.** Venue concerning a corporate-plaintiff is entirely another matter. *See* Commentary to 28 U.S.C. § 1391.

**7.** However, for civil actions in general, where defendants or property which is the subject of the suit are located in the same state but different districts, then venue will lie in any of the districts. 28 U.S.C. § 1392.

**8.** *See Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 714, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972) (holding that, strictly speaking, suits against aliens are outside the operation of all federal venue statutes).

agency of the United States government can be brought in any judicial district where: 1) the defendant resides, 2) a substantial part of the events or omissions giving rise to the claim occurred, or 3) the plaintiff resides, if no real property is involved in the action. 28 U.S.C. § 1391(e).

■ Forum selection clauses in contracts are generally granted deference, absent fraud, undue influence, or overweening bargaining power. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12–15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir.1994). However, they are not considered to be dispositive and are only one factor to be considered when examining whether venue is proper. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In the Sixth Circuit, forum selection clauses, generally, should be upheld unless they are unfair or unreasonable. *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 374–75 (6th Cir.1999); *General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir.1994); *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991).

■ The test that is to be applied when forum selection clauses are at issue is that they are "subject to judicial scrutiny for fundamental fairness." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir.1994). To determine if a forum selection clause is reasonable, the following factors have been considered by the federal courts: 1) the identity of the law which governs the construction of the contract; 2) the place of execution of the contract; 3) the place where the transactions have been or are to be performed; 4) the availability of remedies in the designated forum; 5) the public policy of the initial forum state; 6) the location of the parties, the conve-nience of the prospective witnesses, and the accessibility of the evidence; 7) the relative bargaining power of the parties and the circumstances surrounding their dealings; 8) the presence or absence of fraud, undue influence, or extenuating/exacerbating circumstances; and 9) the conduct of the parties. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3803.1 (West 1986). *See also M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

The Sixth Circuit has stated the following factors should be considered when evaluating a forum selection clause: the private interests and convenience of the parties, the convenience of the witnesses, system integrity, and fairness. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136–37 (6th Cir.1991), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). A more recent decision of the Sixth Circuit presents three tests for determining when a forum selection clause may be unenforceable. These tests are for whether: 1) the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means, 2) the designated forum would be closed to the suit or it would not effectively or fairly handle the suit, or 3) the designated forum would be so seriously inconvenient as a forum that to require the plaintiff to bring suit there would be unjust. *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 375 (6th Cir.1999).

■ Generally, the burden of proof to avoid a forum selection clause is upon the party seeking to avoid it. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594–95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). *See also M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15–17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Moreover, it is considered to be a heavy burden to meet. An illustrative example of the burden that must be overcome by a party seeking to invalidate a forum selection clause is the case of *Interamerican Trade Corp. v.*

*Companhia Fabricadora de Pecas,* 973 F.2d 487 (6th Cir.1992). In this case, Interamerican Trade Corporation sought to avoid enforcement of a forum selection clause mandating jurisdiction in Brazil, as it had its principal place of business in Ohio. After considering the designated forum and other factors in Interamerican's favor, the Sixth Circuit dismissed the lawsuit, holding that the forum selection clause was valid and enforceable.

■■■■ When venue is determined to be improper, the court may either dismiss the case or, if it is in the interest of justice, transfer it to any other district in which it could have been brought.[9] 28 U.S.C. § 1406(a); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* Jurisdiction 2d § 3827 (West 1986). However, if the defendant fails to timely object to venue, then it will be deemed to have been waived.[10] 28 U.S.C. § 1406(b); Fed. R.Civ.P. 12(h)(1). A defendant who defaults is deemed to have waived venue. *Commercial Casualty Insurance Co. v. Consolidated Stone Co.,* 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 (1929), *mandate conformed,* 30 F.2d 1010 (1929). The proper way to object to venue is either by a motion under Fed.R.Civ.P. 12(b)(3) or by raising the objection in the answer. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* Jurisdiction 2d § 3829 (West 1986).

■■■■ The Supreme Court has noted that one of the circumstances which can justify a transfer, in the interest of justice, is when the statute of limitations has run and dismissal would prevent the plaintiff from refiling the case in the proper forum. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

However, this is not the only reason that meets the requirements of the "in the interest of justice" standard. Any reason employed by the court to justify a transfer or dismissal, as a general matter, must be reasonable and is within the court's discretion. *See First Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir.1998); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* Jurisdiction 2d § 3827 (West 1986). Generally, transfer is preferred over dismissal. *Id.* n. 28 (citing *DeMoss v. First Artists Production Co., Ltd.,* 571 F.Supp. 409, 412 (D.C.Ohio 1983), *appeal dismissed,* 734 F.2d 14 (6th Cir.1984)).

■■■■ Transfer of venue is also possible even when the current forum is proper. 28 U.S.C. § 1404(a). Under this statute, transfer may be allowed when transfer is convenient for the parties and witnesses and in the interest of justice. However, transfer may also occur when all parties agree to it. 28 U.S.C. § 1404(b). The proper procedure to request a transfer pursuant to this statute is by motion. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* Jurisdiction 2d § 3844 (West 1986). Any party can initiate such a transfer, including the plaintiff. *See Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 784 (6th Cir.1961), *cert. denied,* 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961).

■■■■ The suit may be transferred only to a district where the plaintiff would have had a right, independent of the defendant's wishes, to bring the action. *Hoffman v. Blaski,* 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Thus, the district to which the suit is to be transferred must, generally, also meet all the requirements

---

**9.** In contrast to some other authorities, in the Sixth Circuit, section 1406(a) will apply not only when venue is improper, but also when personal jurisdiction cannot be obtained over the defendant in the current district. *Taylor v. Love,* 415 F.2d 1118, 1120 (6th Cir.1969), *cert. denied,* 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970).

**10.** A defendant, however, cannot object to venue concerning a co-defendant. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* Jurisdiction 2d § 3829 (West 1986) (citing *Camp v. Gress,* 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997 (1919)).

for personal and subject matter jurisdiction.[11]

Generally, the standard for granting transfer pursuant to 28 U.S.C. § 1404(a) is left to the discretion of the court. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774, 778 (6th Cir.1957). ·*See also* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3847 (West 1986). The factors which should be considered when evaluating a motion under this statute are similar to those used when evaluating motions under the doctrine of *forum non conveniens*. *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 72–73, 84 S.Ct. 185, 11 L.Ed.2d 137 (1963). However, the Supreme Court has indicated that, under this statute, in the interests of justice, transfers should be granted upon a lesser showing of inconvenience than what had previously been required to be shown for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

The statute, 28 U.S.C. § 1404(a), presents two factors which must be considered: convenience of the parties and witnesses and the interest of justice. The convenience of the parties and witnesses is relatively clear. Some of the other factors which have been considered by the federal courts when evaluating these motions are the physical condition of the parties and their financial strength. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, Jurisdiction 2d § 3849 (West 1986). Additionally, the Sixth Circuit has affirmed that, when balancing the interests of a plaintiff's choice of forum against convenience, the plaintiff's choice is only one factor to be considered and is not to be determinative. *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.*, 138 F.R.D. 89 (N.D.Ohio 1991), *affirmed*, 22 F.3d 1104 (6th Cir.1994).

However, the "interest of justice" factor is more problematic. The Sixth Circuit has held that reduction of a clogged court docket is not a factor to be considered, but the interest in a speedy trial may be relevant. *Fannin v. Jones*, 229 F.2d 368, 369 (6th Cir.1956), *cert. denied*, 351 U.S. 938, 76 S.Ct. 834, 100 L.Ed. 1465 (1956). Another relevant factor to be considered is the unnecessary duplication of similar litigation in different districts. *See Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). An additional relevant factor which has been raised as a reason for transfer is the possibility of prejudice at trial.

## ANALYSIS

The essential issue of this motion is whether the clause in question constitutes a valid forum selection clause such that venue should be transferred to the Northern District of Texas. EMC argues that the forum selection clause in question is presumptively valid and that UP bears the heavy burden of showing that it should not be enforced. On its face, EMC appears to be correct.

UP responds with several arguments. First, UP argues that the clause is question is not a forum selection clause. UP argues that the absence of the words "forum", "venue", or "selection" in the clause demonstrates that the clause is not a forum selection clause and that the clause only concerns personal jurisdiction.

The court rejects this argument. The clause in question contains the words "The parties hereby agree that all disputes arising hereunder shall be submitted to ... the courts of competent jurisdiction, state and federal, in the state of Texas." Sec-

---

**11.** However, a transfer pursuant to 28 U.S.C. § 1404(a) only allows a change of the location of the court and does not permit a change of applicable law. *See Martin v. Stokes*, 623 F.2d 469, 471–72 (6th Cir.1980). In contrast, a change of venue pursuant to 42 U.S.C. § 1406(a) may very well involve the application of different substantive law.

tion 16, Mortgage Loan Purchase Agreement. A plain interpretation of this portion of the clause clearly establishes that venue (*i.e.*, the place of the lawsuit) is addressed by the clause in question and that venue lies in Texas. Further, the words "submitted to" are not related to jurisdiction and clearly show that venue was the subject of this part of the clause. Indeed, the remainder of the clause specifically refers to jurisdiction. Thus, UP's argument is without merit.

UP correctly states that venue and jurisdiction are separate concerns. However, UP incorrectly argues that the portion of the clause ·in question only concerns jurisdiction. As previously stated, the subject clause has two parts, one which addresses venue and another which addresses jurisdiction.

 UP further argues that the language in the clause in question is not mandatory. The court disagrees. In support of its position, UP cites to a number of cases from other circuits which stand for the proposition that forum selection clauses must contain mandatory language. *See, e.g., Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir.1987); *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753 (7th Cir.1992); *Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors, Inc.*, 22 F.3d 51, 52 (2nd Cir.1994); *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir.1995). The court agrees that mandatory language in a forum selection clause is required for it to be valid and enforceable. However, the court disagrees with UP's assertion that the language in the subject clause is not mandatory. The words "shall be submitted to . . .", as a matter of plain meaning, leave no room for any permissive application. On the other hand, if the clause read "may be submitted to . . ." then UP would have a valid argument. But such is not the case in the instant matter.

UP presents a number of cases which found forum selection clauses mandatory where specific language was used. *See,* e.g., *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997); *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir.1989); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315 (4th Cir.1982). UP then tries to apply these cases to the instant matter and show that the language in the clause in question is not mandatory. However, these cases are distinguishable. Indeed, one of the cases UP cites to actually uses the same language found in the clause in question in the instant matter and resulted in a holding that the forum selection clause was binding. *See Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 316 n. 1 (4th Cir.1982) (employing the words "shall be submitted to . . ."). This language is identical the language in the instant matter. Thus, it would appear that the forum selection clause in the instant matter is valid and binding. Therefore, UP's argument is rejected.

UP also argues that the clause in question is ambiguous and subject to several reasonable interpretations, one of which is that the clause in question is permissive rather than mandatory. UP expends little effort pursuing this argument. UP's reasoning is not persuasive and is rejected.

UP also argues that, in the event the court finds that the clause in question is a mandatory forum selection clause, it should be held unenforceable because it violates a strong public policy of the forum where it was brought: Tennessee. UP claims that Tennessee has a strong public policy which mandates that Tennessee residents who do business in Tennessee should be permitted to have their suits heard in Tennessee. Even assuming that UP accurately characterizes Tennessee's public policy in this matter, the fact that UP knowingly and voluntarily stepped into the shoes of the original party to the contract containing the forum selection clause, which mandated Texas as the forum of choice, invalidates UP's argument. To hold otherwise would open the very dis-

tinct possibility that parties who dislike certain forum selection clauses, for whatever reason, could then "legitimately" avoid them by associating with entities who are subject to more "friendly" laws.

■ Moreover, UP's argument that Tennessee public policy prohibits the enforcement of forum selection clauses is simply not supported, as evidenced by other decisions in the Sixth Circuit. *See, e.g., Security Watch, Inc. v. Sentinel Systems, Inc.,* 176 F.3d 369, 370 n. 1, 376 (6th Cir.1999) (where the defendant was a Tennessee resident and the forum selection clause was upheld).

Further, accepting UP's argument would violate the law of contracts and unfairly harm EMC, who entered into the contract with the original contractual party, Leader Federal Bank for Savings, in good faith. UP is a sophisticated commercial entity. UP should have determined the terms of the contracts that Leader Federal Bank for Savings used in its transactions and addressed those terms before it merged with Leader Federal Bank for Savings.

UP does not present or argue the standard reasons of fraud, undue influence, or overweening bargaining power as grounds for holding the forum selection clause unenforceable. Moreover, UP does not even present any reasonable argument that Texas is an inconvenient forum.

Considering the argument and facts, the court finds and concludes that the forum selection clause is neither unfair nor unreasonable and that it is valid and enforceable. UP has not met its burden of showing that the clause should not be enforced. Examining the pleadings and documents before the court, it appears that venue is proper in the U.S. District Court of the Northern District of Texas, Dallas Division.

## CONCLUSION

Based on all these reasons, EMC's motion is GRANTED. This case is ordered TRANSFERRED to the U.S. District Court of the Northern District of Texas, Dallas Division. The Clerk of Court is directed to immediately implement this order.