Phil LONG, d/b/a Shelby Forest
Archery, Plaintiff,

v.

DART INTERNATIONAL, INC., a
subsidiary of Firearms Training
Systems, Inc., Defendant.

No. 01–2791–D.

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 16, 2001.

Joseph Michael Cook, Office of Joseph M. Cook, Memphis, for plaintiff.

Glen G. Reid, Jr., Wyatt Tarrant & Combs, Memphis, Michael W. Davis, Stephan V. Beyer, Sidley & Austin, Chicago, IL, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

DONALD, District Judge.

Defendant FATS, Inc.[1] filed a motion pursuant to 28 U.S.C. § 1406(a) to dismiss Plaintiff's complaint for improper venue or, in the alternative, to transfer it to the U.S. District Court for the District of Colorado. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

For the following reasons, the Court GRANTS the motion by Defendant FATS, Inc. This case is ordered TRANSFERRED to the U.S. District Court for the District of Colorado.

---

1. In 1998, FATS, Inc. ("FATS") acquired all of the stock of Dart International, Inc. ("Dart"). In 2001, FATS dissolved this subsidiary. As a result, Dart no longer exists as a legal entity and FATS assumes—for purposes of its Motion to Transfer only—that it is the successor-in-interest to Dart.

## I. Background Facts

Plaintiff Phil Long ("Plaintiff"), a resident of Tennessee, claims that Dart International, Inc. ("Dart"), allegedly a Colorado corporation and a subsidiary of Firearms Training Systems, Inc., breached its contract to provide him with an electronic archery targeting system with internet capabilities. Plaintiff alleges that Dart's breach of express and implied warranties as well as its intentional misrepresentations and violations of the Tennessee Consumer Protection Act caused him economic losses of $250,000.00.

Defendant FATS, Inc. ("FATS") is a Delaware corporation with its principal place of business in Georgia. FATS alleges that it is a subsidiary of Firearms Training Systems, Inc., which is also a Delaware corporation with its principal place of business in Georgia. FATS asserts that it acquired Dart as a subsidiary in 1998. FATS alleges that it dissolved this subsidiary in 2001 and assumed the contractual rights and liabilities stemming from the contract between Dart and Plaintiff.[2] Prior to its dissolution, Dart allegedly was incorporated in Colorado with its principal place of business in Georgia.

The contract between Long and Dart contains a clause that selects state or federal courts in Denver, Colorado as the fora of choice. Plaintiff alleges that since Dart moved its operations to Georgia several years ago, it no longer has any connection to the forum state, thereby making enforcement of the forum selection clause unreasonable.

On grounds of diversity and pursuant to 28 U.S.C. § 1441, Defendant FATS removed the instant case from the Circuit Court of Tennessee to this Court. On October 10, 2001, Defendant FATS filed a motion to dismiss or, in the alternative, to transfer venue to the United States District Court for the District of Colorado.

## II. Standards of Law

### A. Forum Selection Clause

■ Federal courts uniformly hold that forum selection clauses that have been freely bargained for are *prima facie* valid and enforceable. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 763 (N.D.Ohio 2000) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)) (enforcing a non-negotiated forum selection clause between an individual and a corporation). Forum selection clauses in contracts are generally accorded deference, absent fraud, undue influence, or overweening bargaining power. *Union Planters Bank, N.A. v. EMC Mortg. Corp.*, 67 F.Supp.2d 915, 919 (W.D.Tenn.1999) (citing *M/S BREMEN v. Zapata Off–Shore Co.*, 407 U.S. 1, 12–15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). In the Sixth Circuit, forum selection clauses are generally upheld unless they are unfair or unreasonable. *Id.* (citing *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 374–75 (6th Cir.1999)).

■ The Sixth Circuit uses the following tests to determine whether a forum selection clause is reasonable: (1) whether the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means; (2) whether the designated forum would be closed to the suit or would not effectively handle the suit, or (3) whether the designated forum would be so seriously inconvenient that to require the

---

**2.** Defendant FATS admits that it is the successor-in-interest to Dart for purposes of this motion only.

plaintiff to bring suit there would effectively deprive him of his day in court. *Id.*

Forum selection clauses are also "subject to judicial scrutiny for fundamental fairness." *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. 1522. In conducting this fairness inquiry, a federal court considers a number of factors including: (1) the identity of the law which governs the construction of the contract; (2) the place of execution of the contract; (3) the place where the transactions have been or are to be performed; (4) the availability of remedies in the designated forum; (5) the public policy of the initial forum state; (6) the location of the parties; (7) the relative bargaining power of the parties and the circumstances surrounding their dealings; and (8) the conduct of the parties. *See BREMEN,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

If a party seeks to avoid a forum selection clause, it has the burden of showing that the clause was unreasonable. *Id.* (citing *Carnival Cruise Lines,* 499 U.S. at 593–94, 111 S.Ct. 1522). In federal court, this is a particularly heavy burden of proof because forum selection clauses are presumptively enforceable. *U.S. v. P.J. Dick, Inc.,* 79 F.Supp.2d 803 (E.D.Mich.2000) (citing *Carnival Cruise Lines,* 499 U.S. at 585, 111 S.Ct. 1522).

When a forum selection clause is deemed reasonable and, as a result, venue is determined to be improper, a court may either dismiss the case or transfer it to any other district in which it could have been brought. 28 U.S.C. § 1406(a); *see also* 15 Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* Jurisdiction 2d § 3827 (West 1986). Transfer is generally preferred over dismissal. *Union Planters Bank, N.A.,* 67 F.Supp.2d at 921 (citing

*First Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 n. 28 (6th Cir.1998)).

### III. Analysis

### A. Forum Selection Clause

The forum selection clause at issue in the instant case was freely bargained for and agreed to by the parties; as a result, it is *prima facie* valid and enforceable. Plaintiff nonetheless maintains that enforcement of the clause would be unreasonable because: (1) Dart fraudulently induced Plaintiff to enter into the contract; (2) litigation in Colorado would be seriously inconvenient; and (3) the clause cannot withstand judicial scrutiny for "fundamental fairness." Plaintiff's quest to overcome the presumptive enforceability of the forum selection clause on these grounds requires it to bear a particularly heavy burden of proof.

Plaintiff maintains that, as it was fraudulently induced to enter into the contract with Dart, its claims of fraud and misrepresentation are not covered by the forum selection clause. The Court rejects Plaintiff's contention. It is well settled that "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing the forum selection clause to *agree to inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1138 (6th Cir. 1991) (emphasis in original). In the instant case, Plaintiff offers no evidence that it was fraudulently induced to agree to the inclusion of a forum selection clause. The Court accordingly rejects Plaintiff's bid to avoid the forum selection clause on grounds of fraud or misrepresentation.

Plaintiff also argues that enforcement of the forum selection clause is

unreasonable because litigation in Colorado will be seriously inconvenient for both the parties and their witnesses. Plaintiff alleges that litigation in Colorado will be more "difficult" and "expensive" because it will require Plaintiff to travel an additional 1,046 miles (Plaintiff's estimation of the distance between Memphis, Tennessee and Denver, Colorado). Mere inconvenience or additional expense is not, however, the test for unreasonableness. Instead, Plaintiff must show that litigation in Colorado "will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." *BREMEN*, 407 U.S. at 18, 92 S.Ct. at 1917. In the instant case, there is absolutely no evidence that Plaintiff will be unable to proceed with its claim in a Colorado forum.

The Court also notes that, as "it can be said with reasonable assurance that at the time they entered the contract" Plaintiff and Dart were "parties to a freely negotiated agreement [that] contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *BREMEN*, 407 U.S. at 16, 92 S.Ct. at 1916. Even if traveling were a serious inconvenience, the existence of the forum selection clause demonstrates that the parties clearly contemplated this expense when they entered into the contract. The terms of this contract suggest that the parties intended to shift the burden of travel on Plaintiff. It also may be assumed that Plaintiff received consideration in exchange for its assumption of this expense.

When they signed the contract, both parties expected to litigate any disputes in Colorado. There is no evidence that either party sought to change the forum selection clause or any other terms of the contract after Dart moved its operations from Colorado to Georgia. This suggests that the parties expected—even after Dart relocated—that any disputes between them would still be resolved in Colorado. Dart's move from Colorado to Georgia appears not to have altered the expectations of the parties and it clearly did not change the terms of the contract. Similarly, Dart's relocation to Georgia did not change the distance between Memphis and Denver; as a result, any inconvenience alleged by Plaintiff now is no more serious than that contemplated by Plaintiff when it agreed to the terms of the contract with Dart.

The forum designated by the contract is conclusive of the interests of convenience and justice as between the parties to this case; as a result, enforcing the forum selection clause will protect the legitimate expectations of the parties. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring). Having already found that Plaintiff has not met the heavy burden of proof required to set aside the clause on grounds of inconvenience, the Court finds the forum selection clause enforceable.

■■■ Forum selection clauses, however, are also "subject to judicial scrutiny for fundamental fairness." *Carnival Cruise Lines*, 499 U.S. at 595, 111 S.Ct. 1522. In conducting this fairness inquiry, the Court considers eight factors. First, Colorado law governs construction of the contract. This factor weighs in favor of enforcing the forum selection clause. Second, Plaintiff maintains that the contract was executed in Tennessee. According to the contract signed by the parties, however, the contract is deemed to have been executed in Colorado. For purposes of the present motion, the Court assumes that the contract was executed in Tennessee. This supports Plaintiff's bid to avoid the forum selection clause.

Third, Plaintiff avers that the transaction at issue took place in Tennessee, while FATS, Inc. argues that the transaction was performed in Colorado. For purposes of the present motion, the Court accepts Plaintiff's allegation as true and finds that it supports Plaintiff's position. Fourth, there is no indication that any remedy available to Plaintiff in Tennessee is unavailable in Colorado. This factor weighs in favor of enforcing the forum selection clause.

Fifth, the public policy of Tennessee would not be contravened by litigating this case in Colorado. *See, e.g., Security Watch, Inc. v. Sentinel Systems, Inc.,* 176 F.3d 369, 375–76 (6th Cir.1999). This factor supports enforcement of the forum selection clause. Sixth, at the time the contract was signed and performed, Dart was a citizen of the forum state. This factor also supports enforcement of the forum selection clause. Seventh, there is no allegation that Dart had greater bargaining power than Plaintiff. This supports enforcement of the clause. Finally, there is no allegation of fraud in the inducement with regard to the forum selection clause. This factor also weighs in favor of enforcing the forum selection clause.

In reviewing these eight factors, the Court narrowly construes what is unreasonable or unfair. *See In Flight Devices v. Van Dusen Air, Inc.,* 466 F.2d 220, 234 n. 4 (6th Cir.1972). The burden of proof to avoid the forum selection clause, meanwhile, is upon Plaintiff. *Carnival Cruise Lines, Inc.,* 499 U.S. at 586, 111 S.Ct. 1522. Plaintiff fails to meet this burden or show any change of circumstances under which it would be unreasonable to enforce the forum selection clause. Accordingly, the Court grants the motion by FATS, Inc. to transfer this case to the U.S. District Court for the District of Colorado.

## IV. Conclusion

For the foregoing reasons, the motion by FATS, Inc. is GRANTED. This case is ordered TRANSFERRED to the U.S. District Court for the District of Colorado. The Clerk of Court is directed to immediately implement this Order.