UNITED STATES of America,
Plaintiff,

v.

GONZALES & GONZALES BONDS AND INSURANCE AGENCY, INC. and American Surety Company, Inc., Defendants.

Case No. 2:09–cv–2552.

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 11, 2010.

E. Kathleen Shahan, Frances M. McLaughlin, J. Christopher Kohn, United States Department of Justice, Washington, DC, Lawrence J. Laurenzi, U.S. Attorney's Office, Memphis, TN, for Plaintiff.

Kristen C. Wright, Bass Berry & Sims PLC, Memphis, TN, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND GRANTING DEFENDANTS' MOTION IN THE ALTERNATIVE TO TRANSFER VENUE

BERNICE BOUIE DONALD, District Judge.

Before the Court is Defendants Gonzales & Gonzales Bonds and Insurance Agency, Inc. ("G & G") and American Surety Company, Inc.'s. ("ASC," collectively "Defendants") Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue filed on November 16,

2009. (D.E. # 10.) Plaintiff United States of America ("the Government") filed a response in opposition on December 21, 2009. Defendants filed a reply to the Government's response on December 29, 2009. For the reasons stated below, the Court **DENIES** Defendants' motion to dismiss for improper venue and **GRANTS** Defendants' motion in the alternative to transfer venue.

## I. BACKGROUND

G & G, a California corporation with its principal place of business located in Los Angeles, California, is licensed by the state of California (as well as other states) as a fire and casualty insurance agent and as a bail agent. (Decl. of Raul Atler in Supp. of Mot. to Dismiss ("Atler Decl.") ¶ 2.) G & G's primary business involves the writing and posting of immigration bonds with the United States Department of Homeland Security ("DHS"), including bonds which assist aliens in securing their release from detention pending decisions on their immigration status. (*Id.*) ASC is an insurance company licensed to do business in California as well as many other states across the country. (*Id.* ¶ 3.) ASC is also a surety company authorized by the United States Treasury Department to post surety bonds with the United States government.[1] (*Id.*)

On August 27, 2009, the Government filed suit against Defendants in the United States District Court for the Western District of Tennessee to collect on three immigration bonds, each of which was posted for a different individual. (Pl.'s Compl. ¶¶ 1–3.) ASC posted each of the immigration bonds in this case through its managing agent, G & G. (Atler Decl. ¶ 7.) The Government's complaint describes two types of immigration bonds: "Delivery Bonds" and "Voluntary Departure Bonds." The former allows an alien to be released from custody during removal proceedings subject to his promise to appear as directed, while the latter is issued to ensure an alien's voluntary departure from the United States within the timeframe set by an immigration judge. (Pl.'s Compl. ¶¶ 14–15, 17–18.) The Government's complaint alleges that the bonded aliens in this case either failed to appear as ordered or failed to voluntarily depart and provide evidence of such departure. (*Id.* ¶¶ 35–65.) According to the Government, Defendants are jointly and severally liable as co-obligors on each bond. (*See id.* ¶¶ 21–27.) With respect to each alien, the Government alleges that Defendants failed to deliver the bonded individual into federal custody in Memphis, Tennessee as ordered by DHS. (Id. ¶¶ 39, 51, 60.)

As ASC's exclusive managing general surety agent for immigration bonds, G & G is responsible for administering all immigration bonds posted by ASC as well as for various other aspects of its immigration bond business, including marketing, underwriting, and collection of premiums. (Atler Decl. ¶ 8.) G & G conducts all of this activity from its headquarters in Los Angeles, California. (*Id.*) Although G & G has contracted with subagents to conduct business in other states on its behalf, this Los Angeles headquarters is G & G's only office. (*Id.* ¶ 2.) G & G prepared the immigration bonds in this case, as it does all immigration bonds its posts for ASC, in its Los Angeles office, and G & G posted the three bonds with the DHS District Director in Los Angeles—the same office at which DHS accepts all of G & G's immigration bonds. (*Id.* ¶ 9.) G & G's files regarding the bonds at issue are main-

---

**1.** According to the Government, ASC is located in Indianapolis, Indiana. (Pl.'s Compl. ¶ 9.)

tained in Los Angeles, while ASC maintains no files regarding these three bonds. (*Id.* ¶ 11.) G & G further asserts that all of its key personnel and the witnesses it may call reside in California, while it knows of no likely witnesses residing in Tennessee. (*Id.* ¶ 12.)

On August 28, 2009, the day after filing the instant suit, the Government filed similar actions against Defendants for breaches of different immigration bonds in the United States District Courts for the Northern District of California and the Southern District of Indiana. (Exs. 1, 3 to Defs.' Req. for Judicial Notice.)[2] Additionally, for nearly twenty years prior to the filing of these three complaints, the same parties engaged in protracted litigation and settlement negotiations regarding the rules the Government applies in administering immigration bonds. (Atler Decl. ¶¶ 13–14.) As part of this litigation, G & G filed suit against the Government in October 2003 in the United States District Court for the Central District of California, and that action included the three bonds at issues in the present action. (*Id.* ¶ 15; Exs. 4, 5 to Defs.' Req. for Judicial Notice.)

Defendants now move to have the suit pending before this Court dismissed for want of venue, or, alternatively, transferred to the United States District Court for Northern District of California.

## II. LEGAL STANDARD

■ Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of an action on the grounds that venue is improper. Fed.R.Civ.P. 12(b)(3). Venue, as opposed to jurisdiction, refers to the place where a lawsuit should be heard. 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3801, at 2 (3d ed.2007); *see also Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167–68, 60 S.Ct. 153, 84 L.Ed. 167 (1939). "[V]enue 'is primarily a matter of choosing a convenient forum'...." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). When jurisdiction is founded upon a question of federal law, unless another more specific statute provides otherwise, venue will lie in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

■ 28 U.S.C. § 1391(b).[3] For the purposes of venue, a corporate defendant is

---

**2.** Along with their motion, Defendants attached a request for judicial notice under Rule 201 of the Federal Rules of Evidence. Defendants ask the Court to take judicial notice of the following five documents: (1) the Government's complaint filed in the Northern District of California on August 28, 2009; (2) Defendants' answer and counterclaim filed in the same action in the Northern District of California on October 22, 2008; (3) the Government's complaint filed in the Southern District of Indiana on August 28, 2009; (4) Defendants' fourth amended complaint filed

in the Central District of California in a related suit between the parties on April 7, 2005; and (5) the Government's answer filed in the same action in the Central District of California on September 27, 2005. The Government has not objected to Defendants' request for judicial notice, and the Court **GRANTS** Defendants' request.

**3.** "[I]f a lawsuit has both diversity and federal question jurisdiction, even if only diversity is pled as the ground for jurisdiction, the venue restrictions for federal question jurisdiction

deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). If a case is filed in a district in which venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

 Even if venue is otherwise proper, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir.1991). "[T]he purpose of ... [§ 1404(a)] ... is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal quotation marks and citation omitted). A district court possesses broad discretion in deciding whether to transfer venue, and the party seeking a transfer under § 1404(a) bears the burden of demonstrating by a preponderance of the evidence that transfer to another district is warranted. *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D.Mich.2006); *accord Nisby v. Barden Mississippi Gaming, LLC*, No. 06–2799 Ma, 2007 WL 6892326, at *2 (W.D.Tenn.

Sept. 24, 2007). "To that end the court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Nisby*, 2007 WL 6892326, at *5 (citing *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F.Supp.2d 534, 537 (W.D.Tenn.2006)).

## III. ANALYSIS

### A. Dismissal under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a)

 Defendants first argue that the Government's complaint should be dismissed in its entirety pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) because, they contend, G & G is not and has never been a Tennessee resident [4] and Tennessee was the location of few, if any, of the events related to the bonds in this case.[5] The Court, however, agrees with the Government that venue may be laid in the Western District of Tennessee. This case arises from obligations Defendants owed on three immigration bonds, which Defendants allegedly breached when they failed to secure the delivery of the three bonded individuals into the Government's custody *in Memphis*. This alleged failure of performance gives rise to specific personal jurisdiction and provides a basis for venue in the Western District of Tennessee under § 1391(b)(2) as a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." [6] 28 U.S.C. § 1391(b)(2).

---

apply." *Union Planters Bank, N.A. v. EMC Mortgage Corp.*, 67 F.Supp.2d 915, 918 (W.D.Tenn.1999) (citations omitted).

4. Defendants do not expressly state whether they contend that ASC has ever been a Tennessee resident.

5. Defendants have not raised a challenge under Rule 12(b)(2) to the Court's exercise of personal jurisdiction.

6. In its response, the Government also argues that venue is proper in the Western District of Tennessee because G & G possesses continuous and systematic contacts with this district as a result of its business operations in the state of Tennessee. With respect to ASC, the Government argues that ASC is subject to jurisdiction in the district and that venue here is proper because it is a co-obligor with G & G on hundreds of bonds each year, including the three at issue. Defendants' reply to the

### B. Transfer of Venue under 28 U.S.C. § 1404(a)

▮ Defendants next argue that if the Court does not dismiss this case for improper venue, the Court should nonetheless transfer the matter to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). In considering a request to transfer venue under § 1404(a), "[t]he threshold consideration is whether the action is one which could have originally been brought in the proposed transferee district." *Nisby,* 2007 WL 6892326, at *2 (citation omitted). Although subject to some exceptions, this generally "means that the plaintiff has to have had the right to bring its case in the transferee district, which would require proper venue and personal jurisdiction over the defendants in the transferee district." *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.,* 512 F.Supp.2d 1169, 1172 (W.D.Wis. 2007) (citing *Hoffman v. Blaski,* 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)); *see id.* at 1173–74 (discussing recognized exceptions). The Government does not contest Defendants' claim that this action could have been brought in the Northern District of California. Indeed, the Government is currently prosecuting a civil action in the Northern District of California against Defendants for their alleged breach of four other immigration bonds. Moreover, at a minimum, venue would properly lie in the Northern District of California under § 1391(b)(1) because it is undisputed that Defendants are each subject to personal jurisdiction in that district and therefore Defendants are deemed residents of the Northern District of California for venue purposes. *See* 28 U.S.C. § 1391(c).

▮ Because the Government could have brought this action in the Northern District of California, the Court must now examine such factors as "(1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute." *Nisby,* 2007 WL 6892326, at *5; *see Helder v. Hitachi Power Tools, USA Ltd.,* 764 F.Supp. 93, 96 (E.D.Mich.1991) (citation omitted). Rather than being limited in what it may consider, the district court is "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness . . . [and] . . . weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (internal quotation marks and internal citation omitted).

#### 1. The Government's Choice of Forum

▮ In considering whether to transfer venue, courts generally accord great respect to the plaintiff's choice of forum. *See, e.g., Smith v. Kyphon, Inc.,* 578 F.Supp.2d 954, 962 (M.D.Tenn.2008) ("A plaintiff's choice of forum is usually entitled to 'substantial consideration' in balancing the § 1404(a) factors.") (citations omitted). Defendants, though, argue that the Government's choice of forum should be given no weight because Defendants are not Tennessee entities and Tennessee has, at most, an attenuated connection with the Government's causes of action. Notwithstanding Defendants' arguments regarding the tenuous connection between Tennessee and the Government's suit, the Court does not find that the link between the Western District of Tennessee and this action is so weak as to deprive the Govern-

---

Government's response does not address these arguments. Having found the existence of specific jurisdiction, the Court pretermits any further discussion of general jurisdiction.

ment's selection of any weight whatsoever, and the Court will give due consideration to the Government's choice of forum. Consideration of all other relevant factors, however, leads the Court to conclude that the interests in adjudicating this dispute in the Northern District of California outweigh the interests presented by adjudication in the Western District of Tennessee.

## 2. *Convenience of the Parties and Witnesses*

The convenience of the parties and the witnesses in this case weighs very heavily in favor of transferring venue. *See, e.g., Kyphon,* 578 F.Supp.2d at 962–63 (discussing convenience of the parties and nonparty witnesses); *Kay v. Nat'l City Mortgage Co.,* 494 F.Supp.2d 845, 852 (S.D.Ohio 2007) ("The convenience of witnesses is considered to be of the utmost importance[.]") (citations omitted). First, as the Government itself states, the United States is as much a resident of the Northern District of California as it is the Western District of Tennessee or any other judicial district. More importantly, G & G's operations are located in California, not Tennessee. As a consequence, many, if not all, of Defendants' witnesses would have to travel from California to Tennessee to testify in the matter. In its response, the Government does not indicate that it has any witnesses located in or near Tennessee. To the contrary, the Government asserts that the Court will have to decide this case on the administrative record already compiled without hearing from live witnesses. Defendants disagree. The Court is not able to resolve this question in the context of the instant motion. The Court notes, however, that if this case is not transferred to a more convenient forum and the Government proves to have been incorrect in its assertion that this case must decided on the administrative record alone, then great inconvenience and potential prejudice will result for Defendants and their witnesses. But, if the Court transfers the case and the Government is correct, neither the parties nor their witnesses will have been unnecessarily inconvenienced. The Court is also mindful that currently Defendants must retain and communicate with local counsel in Tennessee to defend this suit, which would become unnecessary if this case were transferred to a forum in which another similar action is already proceeding.

## 3. *Location of Proof*

As with Defendants' witnesses, G & G's records and documentary proof are located in its Los Angeles office. Furthermore, G & G has asserted its belief—and the Government has not disagreed—that the Government's documentary evidence is located in Missouri, not Tennessee. (*See* Atler Decl. ¶ 11.) There is no indication that any proof is located in Tennessee, and the Government provides no evidence that a transfer would cause it any inconvenience. This consideration therefore also weighs in favor of a transfer.

## 4. *Location of Events Giving Rise to the Suit*

Defendants further argue that California constitutes the situs of material events in this case because any business decision by G & G related to the alleged to breach of its obligations would have been made at G & G's office in Los Angeles. Additionally, G & G posted the bonds in Los Angeles, and any communications regarding the bonds would have been made through this Los Angeles office. (*See* Atler Decl. ¶¶ 9–10.) Although there is a nexus between Defendants and the Western District of Tennessee owing to the fact that the bonded individuals were not delivered into federal custody in Memphis, the Court agrees that a substantial part of the events giving

rise to this action did transpire in California. Therefore, the Court finds that this factor weighs in favor of Defendants' request for a transfer.

### 5. *Interests of Justice*

Finally, the Court agrees with Defendants that the interests of justice in general favor a transfer to the Northern District of California.[7] *See Moses,* 929 F.2d at 1137 ("[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties ... as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' ") (citation omitted). First, there are no local interests present which would suggest a need to keep this action in Tennessee. Moreover, a transfer will allow the transferee forum to consolidate this case with the one currently pending before it, should the transferee court deem it appropriate to do so. A consolidation would reduce the number of individual pleadings and other papers the parties must file and enable a single court to address any common issues of law—of which there appear to be several—across the cases. The Government states that it filed suit in different judicial districts to prevent any single court from being overwhelmed. This is a legitimate concern, but the Court finds that simply adding the three claims present in this case to those already pending in the Northern District of California will not cause any undue burden for that court. To the contrary, the Court finds that a transfer would assist the federal judiciary as a whole in reaching a just, speedy, and efficient resolution of this case.

7. The Government makes much of the fact that Los Angeles is not located in the Northern District of California. Nevertheless, Los Angeles is, of course, closer to the Northern

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **DENIED,** and Defendants' motion to transfer venue is **GRANTED.** Accordingly, the Clerk of Court is directed to immediately **TRANSFER** this case to the United States District Court for the Northern District of California for all further proceedings.

District of California than it is to the Western District of Tennessee, and the Government has already filed suit in that district.